**James S. KING, Appellant,**

v.

**FIRST NATIONAL BANK OF BAIRD, Appellee.**

**No. 11–04–00037–CV.**

Court of Appeals of Texas, Eastland.

March 3, 2005.

James S. King, Abilene, pro se.

Charles C. Self, III, Whitten & Young, Abilene, for appellee.

Panel consists of: ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

JIM R. WRIGHT, Justice.

James S. King appeals the order of the trial court granting the First National Bank of Baird's motion for sanctions against him. We affirm.

Over the course of three decades and four lawsuits, appellant has litigated the ownership of a tract of land in Callahan County. The property once belonged to appellant, but his ownership ended on August 5, 1986, in foreclosure proceedings brought by the Bank. The Bank sold the property to James C. Tollett and Henry P. Thompson. Subsequently, Tollett and Thompson sold the property to Myrtle Ann Cunningham. When Cunningham died, the property was sold to Michael Jones and his wife, Rebecca Davis Jones.

In three prior lawsuits dating back to 1989, appellant has in turn sued the Bank and its trustees; the Bank, Tollett, Thompson, Cunningham, and Russell Wade Holland (the executor of Cunningham's estate); and the Bank, Michael Jones, and Rebecca Davis Jones. In each suit, the trial court ruled against appellant, granting motions for summary judgment in the first two suits and a motion for sanctions in the third suit. This court has affirmed the judgment of the trial court in each of the three prior lawsuits.[1]

In 2003, appellant sued again. This time, appellant turned his attention to the Bank, alleging that it had deprived him of his property without due process of law. The Bank filed a motion for sanctions against appellant, and a hearing was held on November 6, 2003. The trial court found that appellant's suit was groundless and brought in bad faith. The court sanctioned appellant in the amount of $5,000 and barred him from filing any further

---

1. Appellate Cause Nos. 11–94–00062–CV, 11– 99–00325–CV, and 11–01–00177–CV.

lawsuits against the Bank concerning the property in question until he complied with the sanction order.

■ Appellant first asserts that he was denied the right to a trial by jury. We disagree. Texas law gives parties to both civil and criminal actions the right to request a trial by jury. TEX.R.CIV.P. 216(a); *see Perez v. State*, 11 S.W.3d 218, 222 (Tex.Cr.App.2000). Appellant's case, however, was dismissed prior to trial. There is no law in Texas that entitles appellant to a jury on pretrial matters, such as a motion for sanctions. Appellant's first point of error is overruled.

In his next two arguments, appellant asserts that the order for sanctions is unsupported by evidence. We disagree. Trial courts are authorized to impose sanctions against an attorney, a represented party, or both who file a pleading that is groundless and brought in bad faith or to harass. TEX.R.CIV.P. 13; *see GTE Communications Systems Corporation v. Tanner*, 856 S.W.2d 725, 730 (Tex.1993). "Groundless" means no basis in law or fact and not warranted by a good faith argument for the extension, modification, or reversal of existing law. Rule 13.

■ The imposition of Rule 13 sanctions is within the discretion of the trial court; thus, we set aside its decision only on a showing of a clear abuse of discretion. *Cone v. Fagadau Energy Corporation*, 68 S.W.3d 147, 165 (Tex.App.-Eastland 2001, pet'n den'd). When imposing Rule 13 sanctions, the trial court is required to make particularized findings of good cause justifying the sanctions. *Cone v. Fagadau Energy Corporation, supra* at 166. Failure to comply with this clear directive is an abuse of discretion. *Cone v. Fagadau Energy Corporation, supra.*

■ The trial court made the following findings of good cause justifying the sanc-

tions: (1) appellant's suit was groundless and brought in bad faith; (2) appellant's lawsuit was false; (3) appellant was not the owner of the property in question, and his lack of ownership had already been determined in two prior separate lawsuits; (4) appellant's lawsuit had no basis in fact; (5) appellant's lawsuit was not warranted by existing good law or a good argument; (6) there was no reasonable probability that appellant would prevail; (7) prior litigation on the same subject matter had previously been brought by appellant, and his suit was an attempt to relitigate the same claims previously determined; (8) appellant had sued every owner of the property at issue since he lost title by foreclosure in August 1986; (9) appellant had previously been sanctioned for bringing a frivolous lawsuit; and (10) appellant was a "vexious litigant" (sic).

The trial court did not abuse its discretion. Its decision to sanction appellant for bringing a groundless lawsuit in bad faith was reasonable in view of the history of the litigation surrounding the property at issue. Appellant's second and third points of error are overruled.

■ Finally, appellant asserts that the trial court erred in failing to hold a trial on the "underlying merits of the case." We disagree. By finding that appellant's suit was groundless, false, and not warranted by existing law, it can reasonably be inferred that the trial court found the case to be without merit. The order granting the Bank's motion for sanctions and dismissing appellant's suit was a final judgment. *See First Nat. Bank of Houston v. Fox*, 121 Tex. 7, 39 S.W.2d 1085, 1086 (1931). Appellant's fourth point of error is overruled.

The judgment of the trial court is affirmed.