**REVERSE and RENDER in Part and AFFIRM in Part; Opinion Filed October 20, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-01219-CV

### GERARDO HERNANDEZ, Appellant
### V.
### BRANDON HERNANDEZ, Appellee

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-11-11698**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang-Miers, and Brown
Opinion by Justice Brown

Brandon Hernandez sued Gerardo Hernandez for negligence after the parties were involved in a car accident.[1] On the day the case was set for trial, during a hearing on pretrial motions, Gerardo's attorney stipulated as to her client's liability for the accident. The next day, before jury selection, Brandon moved for sanctions under rules of civil procedure 13 and 215 based on the allegedly late stipulation, but did not get a ruling from the court. The jury awarded Brandon damages in the amount of $44,591. Brandon reurged his motion for sanctions in writing after the verdict. The trial court rendered judgment for Brandon in accordance with the jury's damage award and ordered that Brandon recover $5,000 in attorney's fees as sanctions. On appeal, Gerardo contends the trial court abused its discretion in awarding sanctions 1) under

---

[1] Although the parties have the same last name, they are not related.

rule 215 because Brandon waived any right to seek sanctions based on pretrial discovery by failing to get a ruling before trial, or 2) under rule 13 because it did not hold an evidentiary hearing or make particularized findings of good cause to justify the sanctions. Gerardo also contends the trial court erred in allowing the jury to consider an amount of future medical expenses greater than what had been disclosed in response to a request for disclosure and in allowing Brandon's expert to remain in the courtroom during Brandon's testimony in violation of "the Rule." For reasons that follow, we reverse that portion of the trial court's judgment ordering Gerardo to pay sanctions and render a take-nothing judgment on Brandon's claim for sanctions. In all other respects, we affirm the trial court's judgment.

## BACKGROUND

According to Brandon's pleadings, on July 3, 2010, he was driving in the right lane of a road in Dallas. Gerardo was driving in the same direction in the lane to the left of him and attempted a right turn from that lane, crashing into Brandon's car. Brandon filed a negligence suit in September 2011. Gerardo answered with a general denial and asserted affirmative defenses. Brandon made a request for disclosure seeking the information described in rule of civil procedure 194.2. *See* TEX. R. CIV. P. 194.2. Brandon did not seek any admission regarding liability.

The case was called for trial on April 16, 2013. Before jury selection, while the court was hearing the parties' pretrial motions, Gerardo's attorney stated that her client was not present and that she was going to stipulate as to liability. She indicated Gerardo was not there because he was unable to get off of work. After Brandon's counsel indicated her surprise, the judge raised the issue of sanctions, stating, "I don't like that. . . . It's sanctionable." The court heard the remainder of the pretrial motions and then continued the proceedings until the following day.

The next day, before the jury was selected, Brandon's counsel orally moved for sanctions under rules 13 and 215 for the allegedly late stipulation. The court did not rule on the motion,

stating, "We're not going to do everything just willy-nilly out of the blue without giving the other side an opportunity to respond to whatever motion you are going to file. So motions for sanctions can be heard after the trial's over if you choose to do that." The case then proceeded to trial before a jury on damages. The only witnesses were Brandon and his chiropractor. The jury determined that Brandon's damages were $44,591.

On April 26, 2013, eight days after trial, Brandon filed a written motion for sanctions. Based on Gerardo's stipulation to liability on the day of trial, Brandon sought sanctions under rule 13 for groundless and false pleadings or sanctions under rule 215 for abuse of discovery. Brandon asked for attorney's fees for the time spent preparing for trial on the issue of liability, plus the cost of taking Gerardo's deposition. On May 17, 2013, the court held a hearing on the motion. Brandon's counsel argued that she had spent about ten hours preparing for trial on the issue of liability and asked for attorney's fees of $5,000. The court did not make a ruling at the hearing, but signed a judgment that day ordering that Brandon recover damages in accordance with the jury's verdict, court costs, and "attorney fees of $5,000 as sanctions." The judgment does not indicate on what authority the court imposed sanctions. This appeal followed.

### SANCTIONS

Gerardo raises four issues on appeal, two of which complain of the sanctions order. In his first issue, he contends Brandon waived the right to sanctions based on pretrial discovery by failing to get a ruling on his motion for sanctions prior to trial. We agree.

We review a trial court's decision to award discovery sanctions, and other discovery rulings, under an abuse of discretion standard. *Bodnow Corp. v. City of Hondo*, 721 S.W.2d 839, 840 (Tex. 1986); *Carbonara v. Tex. Stadium Corp.*, 244 S.W.3d 651, 655 (Tex. App.—Dallas 2008, no pet.).

A party who is aware of possible discovery abuse is required to move for sanctions and obtain a ruling prior to trial. *Cherry Petersen Landry Albert LLP v. Cruz*, No. 05-12-01559-CV,

2014 WL 4851066, at *8 (Tex. App.—Dallas Aug. 26, 2014, no pet. h.) (citing *Remington Arms Co. v. Caldwell*, 850 S.W.2d 167, 170 (Tex. 1993)). The failure to obtain a pretrial ruling on discovery disputes that exist before commencement of trial constitutes a waiver of any claim for sanctions based on that conduct. *Remington Arms*, 850 S.W.2d at 170.

Brandon became aware of Gerardo's stipulation of liability during a hearing on pretrial motions. Although he orally moved for sanctions before trial began, he did not obtain a ruling on his motion at that time. There was no ruling on the motion until the court issued its judgment a month after trial. Because Brandon knew of the alleged discovery abuse before trial began, but did not obtain a ruling on his motion for sanctions until after trial, he waived his right to seek pretrial discovery sanctions. *See id.*; *Cherry Petersen Landry Albert*, 2014 WL 4851066, at *8 (rejecting argument that court's unilateral decision to defer determination of sanctions until after trial did not constitute waiver). As a result, the trial court abused its discretion in imposing sanctions under rule 215.[2] We sustain Gerardo's first issue.

In his second issue, Gerardo contends the sanctions cannot be upheld under rule 13 because the court did not enter a written order that included particularized findings of good cause justifying the sanction. Again, we agree.

After notice and a hearing, rule 13 authorizes sanctions against a party who files a pleading that is both groundless and brought in either bad faith or harassment.[3] TEX. R. CIV. P. 13. No sanctions under rule 13 may be imposed except for good cause, the particulars of which must be stated in the sanction order. *Id.* We review a trial court's imposition of sanctions under rule 13 for an abuse of discretion. *Cire v. Cummings,* 134 S.W.3d 835, 838 (Tex. 2004); *Arnold*

---

[2] In his first issue, Gerardo asserts only that Brandon waived the right to discovery sanctions; he does not challenge the appropriateness of discovery sanctions in this situation. We do not wish to create the impression that Gerardo's stipulation of liability during a pretrial hearing on the day the case was set for trial was discovery abuse. At no time during discovery did Brandon ask Gerardo to make any admission of liability. *Cf. McGowen v. Lewis*, No. 01-07-01095-CV, 2010 WL 1729331, at *3–4 (Tex. App.—Houston [1st Dist.] Apr. 29, 2010, no pet.) (mem. op.) (not designated for publication) (involving discovery sanctions for pretrial stipulation of liability when defendant had previously denied requests for admission on liability).

[3] Rule 13 expressly provides that a general denial does not constitute a violation of the rule. TEX. R. CIV. P. 13.

*v. Life Partners, Inc.*, No. 05-12-00092-CV, 2013 WL 4553379, at *3 (Tex. App.—Dallas Aug. 28, 2013, pet. filed).

Here, regarding sanctions, the trial court's judgment states only that it orders attorney's fees of $5,000 as sanctions. The court did not make the required particularized findings of good cause to support sanctions under rule 13. Failure to comply with this clear directive is an abuse of discretion. *King v. First Nat'l Bank of Baird*, 161 S.W.3d 661, 663 (Tex. App.—Eastland 2005, no pet.); *Tex.-Ohio Gas, Inc. v. Mecom*, 28 S.W.3d 129, 135 (Tex. App.—Texarkana 2000, no pet.). Thus, to the extent it ordered sanctions under rule 13, the trial court abused its discretion.

Brandon argues that the sanctions can be upheld under the trial court's inherent power to impose sanctions. A trial court has inherent power to sanction to the extent necessary to deter, alleviate, and counteract bad faith abuse of the judicial process, such as any significant interference with the court's administration of its core functions, including hearing evidence, deciding issues of fact raised by the pleadings, deciding questions of law, rendering final judgment, and enforcing its judgments. *Cherry Petersen Landry Albert*, 2014 WL 7076496, at *9. When using its inherent power to sanction, the court must make findings, based on evidence, that the conduct complained of significantly interfered with the court's legitimate exercise of its core functions. *Union Carbide Corp. v. Martin*, 349 S.W.3d 137, 147 (Tex. App.—Dallas 2011, no pet.). The court made no such findings in this case, and thus the sanction order cannot be upheld under the court's inherent power to sanction. *See id.* at 148. We sustain Gerardo's second issue.

## FUTURE MEDICAL EXPENSES

In his third issue, Gerardo contends the trial court erred in allowing the jury to consider an amount of future medical damages greater than was previously disclosed in response to a request for disclosure. In response to Gerardo's request under rule 194.2 for disclosure of the

amount of his economic damages, Brandon stated that his future medical expenses were $6,000 to $10,000. At trial, chiropractor Gerald Barnes, who treated Brandon after the accident, testified about the medical treatments Brandon still needed. Without objection, Barnes testified that a conservative estimate of Brandon's future medical expenses would be around $20,000. At the charge conference, Gerardo asked that any damages for future medical expenses be capped at $10,000, the maximum disclosed. The court postponed ruling on that request until after the jury's verdict. After the jury awarded $15,000 for future medical expenses, Gerardo objected again and also moved in his motion for judgment notwithstanding the verdict to cap the damages. The court's judgment awarded Brandon the full amount of damages as determined by the jury.

Gerardo argues that because Brandon did not supplement his discovery responses regarding future medical expenses at least thirty days before trial and did not show good cause for the failure to supplement, the court should have capped these damages at the amount disclosed.[4] Gerardo relies on the law providing for exclusion of evidence or witnesses for failure to timely respond to discovery. Rule of civil procedure 193.6 provides that a party who fails to supplement a discovery response in a timely manner may not introduce in evidence the information that was not timely disclosed, unless the court finds there was good cause for the failure to do so. TEX. R. CIV. P. 193.6(a).

Gerardo's remedy for Brandon's alleged failure to supplement discovery was the exclusion of the evidence not disclosed. Yet Gerardo did not object to Barnes's testimony about future medical expenses or ask that the jury be instructed not to consider the testimony. Gerardo cites no case law, and we have found none, supporting his proposition that a damage cap should

---

[4] We note that Brandon asserts he was not required to supplement his response because the additional information was made known to Gerardo through other discovery responses, specifically his medical records from visits to Barnes indicating that "[f]uture medicals could exceed $5,000-$6,000 or more." *See* TEX. R. CIV. P. 193.5.

be imposed.  We cannot conclude the trial court abused its discretion in not capping the damages under these circumstances.  Gerardo's third issue is overruled.

**ALLEGED VIOLATION OF THE RULE**

Gerardo's fourth issue centers on the fact that Brandon's expert, his chiropractor Barnes, was present in the courtroom during Brandon's testimony.  Gerardo asserts that the court denied his request to invoke "the Rule" and allowed the expert to remain in the courtroom.  *See* TEX. R. CIV. P. 267.  However, the record does not reflect that Gerardo raised this issue before the trial court.  In his written pretrial motion in limine, Gerardo "invoke[d] The Rule."  However, the Rule was not invoked or mentioned at trial, and Gerardo made no objection to Barnes's presence in the courtroom or to his being called as a witness.  Gerardo first raised this issue in his motion for judgment notwithstanding the verdict.  By failing to timely raise this complaint in the trial court, Gerardo has not preserved this issue for appeal.  *See* TEX. R. APP. P. 33.1(a).  We overrule his fourth issue.

In conclusion, we reverse that portion of the trial court's judgment awarding sanctions and render judgment that Brandon take nothing on his claim for sanctions.  In all other respects,

we affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

131219F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GERARDO HERNANDEZ, Appellant

No. 05-13-01219-CV          V.

BRANDON HERNANDEZ, Appellee

On Appeal from the 44th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-11-11698.
Opinion delivered by Justice Brown. Justices
O'Neill and Lang-Miers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED** in part and **REVERSED** in part. We **REVERSE** that portion of the trial court's judgment ordering that Brandon Hernandez recover from Gerardo Hernandez attorney's fees of $5,000 as sanctions. We **RENDER** judgment that Brandon Hernandez take nothing on his claim for sanctions. In all other respects, the trial court's judgment is **AFFIRMED**.

It is **ORDERED** that each party bear his own costs of this appeal.

Judgment entered this 20th day of October, 2014.