ACCEPTED
13-14-00491-CV
THIRTEENTH COURT OF APPEAL
CORPUS CHRISTI, TEXAS
2/15/2015 7:31:37 AM
DORIAN RAMIREZ
CLERK

# CAUSE NO. 13-14-491-CV

In The

Court of Appeals

For the

Thirteenth Appellate District

Corpus Christi/Edinburg, Texas

RECEIVED IN
13th COURT OF APPEALS
CORPUS CHRISTI/EDINBURG, TEXAS
2/15/2015 7:31:37 AM
DORIAN E. RAMIREZ
Clerk

MARLA CUELLAR                                          APPELLANT

V.

OMAR MALDONADO                                       APPELLEE

**FILED**
IN THE 13TH COURT OF APPEALS
CORPUS CHRISTI

02/17/15

**DORIAN E. RAMIREZ, CLERK**
**BY** CCoronado

## BRIEF OF APPELLEE
## E. OMAR MALDONADO

**RECEIVED**

2/17/15

13th COURT OF APPEALS

**Daniel M.L. Hernandez**
**HERNANDEZ LAW FIRM, P.C.**
308 E. Villa Maria Rd.
Bryan, Texas 77801
Telephone: 1.979.822.6100
Facsimile: 1.979.822.6001

**Hitesh K. Chugani**
**H.K.C. LAW**
517 West Nolana #7
McAllen, Texas  78501
Tel:    (956) 212-1601
Fax:   (956) 524-5153

**KEITH C. LIVESAY**
**LIVESAY LAW OFFICE**
BRAZOS SUITES NO. 9
517 W. Nolana Ave.
McAllen, Texas 78504
(956) 928-0149

**George D. Durham III**
**GSK LAW**
517 West Nolana, #6
McAllen, Texas 78504
Tel:    (956) 900-4187

February 16, 2015

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES     iii

STATEMENT OF NATURE OF CASE     2

ISSUES PRESENTED     2

STATEMENT OF FACTS     4

SUMMARY OF ARGUMENT     10

ARGUMENT     11

    [A] Presiding Judge Properly Ignored
Objection to Appointed Judge     11

    [B] Mere Disagreement With Trial Court Insufficient
for Reversal     17

    [C] Contestant Failed to Present Evidence
of Her Good Faith     21

    [D] Contestee Not Required to Present Time Figure
for Each Activity     33

CONCLUSION AND PRAYER     42

CERTIFICATE OF COMPLIANCE     43

CERTIFICATE OF SERVICE     44

# TABLE OF AUTHORITIES

C̲A̲S̲E̲S̲

Acad. Corp. v. Interior Buildout & Turnkey Constr., Inc., 21 S.W.3d
  732, 742 (Tex. App.--Houston [14th Dist.] 2000, no pet.)  38

Adams v. H & H Meat Products, Inc., 41 S.W.3d 762, 769 (Tex.
  App.--Corpus Christi 2000, no pet.)  20

Air Products & Chemicals, Inc. v Sanderson, 789 S.W.2d 651, 653
  (Tex. App.--Beaumont 1990, no writ)  18

Amoco Production Co. v. Smith, 946 S.W.2d 162, 165 (Tex.
  App.--El Paso 1997, no writ)  38

Amadi v. City of Houston, 369 S.W.3d 254, 256 (Tex. App.—
  Houston [14th Dist.] 2011, pet. denied)  14

Arthur Anderson & Co. v. Perry Equipment Corp., 945 S.W.2d
  812, 818 (Tex. 1997)  37

Bates v. Randall County, 297 S.W.3d 828, 838 n. 10 (Tex.
  App.--Amarillo 2009, pet. denied)  40

Beasley v. Peters, 870 S.W.2d 191, 196 (Tex. App.—Amarillo
  1994, no writ)  32

Booth v. Malkan, 858 S.W.2d 641, 643-44 (Tex. App.--Fort Worth
  1993, writ denied)  22

Bradt v. West, 892 S.W.2d 56, 79 (Tex. App.--Houston [1st Dist.]
  1994, writ denied)  21

Burnside Air Conditioning & Heating, Inc. v. T.S. Young Corp.,
  113 S.W.3d 889, 898 (Tex. App.--Dallas 2003, no pet.)  41

Cantu v. Butron, 921 S.W.2d 344, 349 (Tex. App.--Corpus Christi 1996, writ denied)  20

City of Laredo v. Montano, 414 S.W.3d 731, 736-37 (Tex. 2013)  41

City of Port Isabel v. Shiba, 976 S.W.2d 856, 859 (Tex. App.—Corpus Christi 1998, writ denied)  20

City of San Antonio ex rel. City Public Service Board v. Bastrop Cent. Appraisal Dist., 275 S.W.3d 919, 923 (Tex. App.--Austin 2009, pet. dism'd)  12

Cognata v. Down Hole Injection, Inc., 375 S.W.3d 370, 381 (Tex. App.--Houston [14th Dist.] 2012, pet. denied)  35

Cuellar v. Maldonado, 2014 WL 2158135 (Tex. App.—Corpus Christi 2014, no pet.)  4

de Laurentis v. United Services Auto. Ass'n, 162 S.W.3d 714, 722 n. 6 (Tex. App.--Houston [14th Dist.] 2005, pet. denied)  29

Delcor USA, Inc. v. Texas Indus. Specialties, Inc., 2011 WL 6224466 at 5 (Tex. App.--Houston [14th Dist.] 2011, no pet.)  41

Delgado v. Methodist Hospital, 936 S.W.2d 479, 487-88 (Tex. App.--Houston [14th Dist.] 1996, no writ)  23

E.C., Jr. ex rel. Gonzales v. Graydon, 28 S.W.3d 825, 829 (Tex. App.--Corpus Christi 2000, no pet.)  19

E.I. Du Pont de Nemours and Co., Inc. v. Robinson, 923 S.W.2d 549, 558 (Tex. 1995)  18

El Apple I v. Olivas, 370 S.W.3d 757, 763 (Tex. 2012)  41

Engelman Irrigation Dist. v. Shields Bros., Inc., 960 S.W.2d 343, 354 (Tex. App.--Corpus Christi 1997), writ denied per

curiam, 989 S.W.2d 360 (Tex. 1998)     18

Flores v. Banner, 932 S.W.2d 500 (Tex. 1996)     15

Flores v. Velasco, 68 S.W.3d 86 (Tex. App.–-Dallas 2001, no pet.)     16

Fonseca v. County of Hidalgo, 527 S.W.2d 474, 481 (Tex. Civ. App.--Corpus Christi 1975, writ ref'd n.r.e.)     20

Garcia-Udall v. Udall, 141 S.W.3d 323, 331 (Tex. App.—Dallas 2004, no pet.)     13

Garrod Investments, Inc. v. Schlegel, 139 S.W.3d 759, 768 (Tex. App.--Corpus Christi 2004, no pet.)     38

Garza v. Dare, 475 S.W.2d 340, 342 (Tex. Civ. App.—Corpus Christi 1971, no writ)     5

Gonzalez v. Ables, 945 S.W.2d 253 (Tex. App.--San Antonio 1997, no writ)     16

Gonzalez v. Nielson, 770 S.W.2d 99, 102-03 (Tex. App.—Corpus Christi 1989, writ denied)     38

Goss v. State, 944 S.W.2d 748, 750 (Tex. App.--Corpus Christi 1997, no p.d.r.)     29

Griego v. State, 853 S.W.2d 664, 666 (Tex. App.--Houston [1st Dist.] 1993, no p.d.r.)     14

Gutierrez v. Elizondo, 139 S.W.3d 768, 775 (Tex. App.—Corpus Christi 2004, no pet.)     28

Harbor Perfusion, Inc. v. Floyd, 45 S.W.3d 713, 717 n. 1 (Tex. App.--Corpus Christi 2001, no pet.)     29

Hays & Martin, L.L.P. v. Ubinas-Brache, 192 S.W.3d 631, 636 (Tex.

App.--Dallas 2006, pet. denied)     40

Hines v. Commission for Lawyer Discipline, 28 S.W.3d 697, 701
(Tex. App.--Corpus Christi 2000, no pet.)     19

Home Owners Funding Corp. of America v. Scheppler,
815 S.W.2d 884, 889 (Tex. App.--Corpus Christi 1991,
no writ)     18

In re A.S.G., 345 S.W.3d 443, 451(Tex. App.--San Antonio 2011,
no pet.)     40

In re Braden, 960 S.W.2d 834, 836 (Tex. App.--El Paso 1997,
no pet.)     35

In re Estate of Johnson, 340 S.W.3d 769, 789 (Tex. App.—San
Antonio 2011, pet. denied)     37

In re Estate of Washington, 262 S.W.3d 903, 906 (Tex. App.—
Texarkana 2008, no pet.)     29

In re Frost Nat. Bank, 103 S.W.3d 647, 649 (Tex. App.—Corpus
Christi 2003, mand. denied)     18

In re J.I.Z., 170 S.W.3d 881, 883 (Tex. App.--Corpus Christi
2005, no pet.)     19

In re M.A.N.M., 231 S.W.3d 562, 567 (Tex. App.--Dallas 2007, no
pet.)     38

Keaton v. Ybarra, 552 S.W.2d 612, 616 (Tex. Civ. App.—Corpus
Christi 1977, writ ref'd n.r.e.)     32

Keith v. Keith, 221 S.W.3d 156, 166-67 (Tex. App.--Houston [1st
Dist.] 2006, no pet.)     22

King v. First Nat. Bank of Baird, 161 S.W.3d 661, 663 (Tex.

App.–Eastland 2005, no pet.)     23

K.J. v. USA Water Polo, Inc., 383 S.W.3d 593, 607 (Tex. App.—
     Houston [14th Dist.] 2012, pet denied)     22

La Ventana Ranch Owners' Ass'n, Inc. v. Davis, 363 S.W.3d
     632, 651 (Tex. App.--Austin 2011, pet. denied)     41

Law Offices of Robert D. Wilson v. Texas Univest-Frisco, Ltd.,
     291 S.W.3d 110, 113 (Tex. App.--Dallas 2009, no pet.)     22

Llanes v. Davila, 133 S.W.3d 635, 641 (Tex. App.--Corpus Christi
     2003, pet. denied)     30

Loeffler v. Lytle Independent School Dist., 211 S.W.3d 331, 349
     (Tex. App.--San Antonio 2006, pet. denied)     22

Metzger v. Sebek, 892 S.W.2d 20, 53 n. 31 (Tex. App.–Houston
     [1st Dist.] 1994, writ denied), cert. denied, 516 U.S. 868,
     116 S.Ct. 186, 133 L.Ed.2d 124 (1995)     33

Miller v. Armogida, 877 S.W.2d 361, 365 (Tex. App.--Houston [1st
     Dist.] 1994, writ denied)     35

Mission Consol. Ind. Sch. Dist. v. Garcia, 372 S.W.3d 629, 635
     (Tex. 2012)     32

Monroe v. Grider, 884 S.W.2d 811, 817 (Tex. App.—Dallas 1994,
     writ denied)     23

Moore v. Edna Hospital Dist., 449 S.W.2d 508, 520 (Tex. Civ.
     App.--Corpus Christi 1969, no writ)     5

New York Underwriters Ins. Co. v. State Farm Mut. Auto. Ins.
     Co., 856 S.W.2d 194, 205 (Tex. App.--Dallas 1993, no writ)     29

Ogunboyejo v. Prudential Property and Cas. Co., 844 S.W.2d

860, 863 (Tex. App.—Texarkana 1992, writ denied)                34

O'Carolan v. Hopper, 414 S.W.3d 288, 299 (Tex. App.--Austin
        2013, no pet.)                                           14

Owen v. Jim Allee Imports, Inc., 380 S.W.3d 276, 289 (Tex. App.—
        Dallas 2012, no pet.)                                   30

Perkins v. State, 367 S.W.2d 140, 146 (Tex. 1963)               12

Prize Energy Resources, L.P. v. Cliff Hoskins, Inc., 345 S.W.3d
        537, 576 (Tex. App.--San Antonio 2011, no pet.)         35

Reading & Bates Const. Co. v. O'Donnell, 627 S.W.2d 239, 244
        (Tex. App.--Corpus Christi 1982, writ ref'd n.r.e.)     19

Regalado v. Munoz, 2014 WL 3542056 (Tex. App.--Corpus Christi
        2014, no pet.)                                          5

Robson v. Gilbreath, 267 S.W.3d 401, 405-06 (Tex. App.—Austin
        2008, pet. denied)                                      22

Sabine Offshore Service, Inc. v. City of Port Arthur, 595 S.W.2d
        840, 841 (Tex. 1979)                                    29

Scheel v. Alfaro, 406 S.W.3d 216, 227 (Tex. App.--San Antonio
        2013, pet. denied)                                      30

Scott Bader, Inc. v. Sandstone Products, Inc., 248 S.W.3d 802,
        816 (Tex. App.--Houston [1st Dist.] 2008, no pet.)      35

Sellers v. Gomez, 281 S.W.3d 108, 116 (Tex. App.--El Paso 2008,
        pet. denied)                                            34

Springer v. Johnson, 280 S.W.3d 322, 329 (Tex. App.--Amarillo
        2008, no pet.).                                         14

Stockton v. Offenbach, 336 S.W.3d 610, 618 (Tex. 2011)                12

Stooksbury v. State, 2009 WL 2883518 at 5 (Tex. App.—Waco
        2009, p.d.r. ref'd)                17

Tesoro v. Alvarez, 281 S.W.3d 654, 660 n. 3 (Tex. App.—Corpus
        Christi 2009, no pet.)                30

Tita v. State, 267 S.W.3d 33, 38 n. 7 (Tex. Cr. App. 2008)                13

United States v. Navarro-Vargas, 408 F.3d 1184, 1195 (9th Cir.
        2005)                31

Vazaldua v. Munoz, 2014 WL 2937014 (Tex. App.--Corpus Christi
        2014, no pet.)                5

View Point Bank v. Allied Property and Cas. Ins. Co., 439 S.W.3d
        626, 636 (Tex. App.--Dallas 2014, pet. filed)                37

Wal-Mart Stores, Inc. v. Sholl, 990 S.W.2d 412, 420 (Tex. App.--
        Corpus Christi 1999, writ denied)                18

Wortham v. Walker, 133 Tex. 255, 128 S.W.2d 1138, 1150 (1939)        14

Zeifman v. Nowlin, 322 S.W.3d 804, 809-10 (Tex. App.—Austin
        2010, no pet.)                22

STATUTES

Tex. Elec. Code §231.004                11

Tex. Elec. Code §232.010                15

Tex. Gov't Code §74.056(a)                13

Tex. Gov't Code §74.053                11

# WAIVER OF ORAL ARGUMENT

Exactly like the table of authorities, "[O]ral arguments are as useless." Wice, *An Invitation to Persuade? We Decline*, 15 TEX. LAW. 32 (1999). It adds little to the ultimate result of a contested case. Aldisert, WINNING ON APPEAL: BETTER BRIEFS AND ORAL ARGUMENT 294 (NITA rev. ed. 1996). This Court has already reached this conclusion and has denied oral argument. Appellee wholeheartedly agrees with this Court's assessment.

# CAUSE NO. 13-14-491-CV

In The

Court of Appeals

For the

Thirteenth Appellate District

Corpus Christi/Edinburg, Texas

MARLA CUELLAR

APPELLANT

V.

E. OMAR MALDONADO

APPELLEE

# BRIEF OF APPELLEE
# E. OMAR MALDONADO

TO THE HONORABLE JUDGES OF SAID COURT:

NOW COMES **E. OMAR MALDONADO**, **Appellee** in the above styled and numbered cause, and files this his **BRIEF OF APPELLEE**, demonstrating that the regional presiding judge properly denied Appellant's objection to reassignment of the retired trial judge who was already familiar with the matter, and that sanctions are clearly appropriate when the losing candidate repeatedly admits she does not possess evidence to support her allegations.

# STATMENT OF NATURE OF CASE

The loser of a judicial primary race files an election contest, parroting the allegations contained in the Election Code for obtaining new election. But such petition ignored one problem: such allegations were premised on a wing and a prayer, instead of actual evidence of an improper tally. The election winner was required to expend $60,000 attempting to vindicate the results and clean the stain on the election and his judicial position. The trial court, the 206th District Court of Hidalgo County, Texas, Hon. J. Manuel Banales, visiting judge presiding, finds such election contest completely without merit, and accordingly sanctions the losing candidate and her attorneys for the cost of the defense. And from such sanctions, the losing candidate appeals.

# ISSUES PRESENTED

Does the Election Code provide a party to an election contest an absolute right to object to the appointed judge?

Do specific statutes control over general statutes?

Would permitting a party to an election contest an absolute

right to object to the appointed judge run contrary to the Legislature's express policy of expedited resolution of election contests?

Must a litigant possess evidence of an improper vote tally before she files an election contest?

Does a litigant engage in sanctionable conduct when she files an election contest without any evidence to support her allegations that the election tally does not represent the true intention of the voters?

Must testimony in a deposition be actually presented to the trial court, before it can be considered as substantive evidence, either at trial or on appeal?

In adjudicating an appeal, can this Court consider evidence which was never expressly presented to the trial court?

Does the adage that a prosecutor could convince a grand jury to indict a ham sandwich ring true in the Rio Grande Valley?

Are the underlying merits of a claim adjudicated in a plea to the jurisdiction?

Is a sanction excessive when the amount awarded constitutes the costs for defending frivolous litigation?

Must the attorney's fees awarded as sanction be premised on evidence of their reasonableness and necessity?

Must a litigant seeking to recover attorney's fee prove how each second of time was spent?

## STATEMENT OF FACTS

The case at bar presents the sequel to Cause No. 13-14-228-CV, Cuellar v. Maldonado, 2014 WL 2158135 (Tex. App.--Corpus Christi 2014, no pet.), Cl.R. 17-27. This Court in the prior appeal completely ignored the entire lack of evidence to support the claims of an improper election result (which thus rendered the initial dismissal for lack of jurisdiction harmless). Now this Court must address such complete lack of evidence, but in the context of sanctions awarded.

Marla Cuellar, Appellant herein, and E. Omar Maldonado, Appellee herein, were both vying to be the democratic party candidate for the County Court at Law No. 8 of Hidalgo County. After a hard fought campaign, the voters decided: the majority of Democrats wanted Appellee to be their next County Court at Law No. 8 judge. Mr. Maldonado received 51.82% of the vote, thereby

avoiding a run off.  5 C.R. 23.

Numerous candidates could not believe the election results. given the disparities of the final tally and their polling data.  But the only piece of concrete evidence impugning the result was the malfunctioning of a single voting machine in the District Attorney's race.  Nevertheless, numerous election contests, objecting to the Democratic Party primary were subsequently filed.[1]  As part of this group, Appellant (hereinafter referred to as "Contestant") filed an election contest in her race.  Because of her allegations failed to sufficiently invoke the jurisdiction of the trial court in the context of an election contest, Garza v. Dare, 475 S.W.2d 340, 342 (Tex. Civ. App.--Corpus Christi 1971, no writ); Moore v. Edna Hospital Dist., 449 S.W.2d 508, 520 (Tex. Civ. App.--Corpus Christi 1969, no writ), Appellee (hereinafter referred to as "Contestee") filed a plea to the jurisdiction. While the trial court granted the plea, this Court reversed.  Cl.R. 17-27.[2]

---

[1]See, e.g., Regalado v. Munoz, 2014 WL 3542056 (Tex. App.--Corpus Christi 2014, no pet.); Vazaldua v. Munoz, 2014 WL 2937014 (Tex. App.--Corpus Christi 2014, no pet.); Cuellar v. Maldonado, supra.
[2]This Court's opinion completely failed to cite (much less discuss) the legal authorities which supported the trial court's decision.

Pursuant to the election code, an out of county visiting judge must be appointed to adjudicate an election contest. Tex. Elec. Code §231.004. Pursuant to this statutory requirement, after remand, the presiding administrative judge reappointed a retired judge to this matter, Hon. J. Manuel Banales, the same judge who had previously granted the plea to the jurisdiction. Cl.R. 45. In an effort to further delay the proceedings, Contestant objected to Judge Banales, demanding the appointment of another visiting judge. Cl.R. 46-48. The presiding administrative judge, *sua sponte*,[3] denied Contestant's request, based upon his interpretation of the applicable statutes. Cl.R. 49-50.

Judge Banales subsequently set Contestant's election contest for trial. Because no evidence supported Contestant's allegations, Contestee filed a motion for sanctions, seeking relief under Tex. Civ. Prac. & Rem. Code ch. 9, Tex. Civ. Prac. & Rem. Code ch. 10, and Tex. R. Civ. P. 13. Cl.R.93-98.[4] To insure that Contestant appeared at

---

[3]Contestee did not enter this fray; his main interest was obtaining an expedited resolution of Contestant's claims, whether it be before Judge Banales or before another visiting judge.
[4]Contestant failed to assert special exceptions to the motion, or otherwise complain of the motion's insufficiency.

trial, she was served with a trial subpoena. Cl.R. 57, 60-61.[5]

Ignoring the subpoena, Contestant failed to appear at the scheduled trial, and was instead vacationing in Alaska.[6] 3 C.R. 12; 4 C.R. 17; Cl.R. 52. Because her counsel informed her of the trial date, 3 C.R. 13, either Contestant did not care about her election contest, or she was attempting to further delay the proceedings. Contestee objected. Cl.R. 83-92. But such misconduct succeeded: Judge Banales reset the trial of her election contest. 3 C.R. 33; 4 C.R. 16.[7]

The new trial date approached, and finally Contestant realized that she could not prevail on her claims. Consequently, she non suited her contest. 5 C.R. 5. Contestee demanded that her claims be dismissed with prejudice, which the trial court granted. Cl.R. 136. Accordingly, Contestee proceeded with his motion for sanctions. 5 C.R. 7.

To support such motion, Contestee presented damning testimony from Contestant's own lips: she was asked what evidence

---

[5]Contestant was not happy about this. Cl.R. 92.

[6]Given the pennies public servants are paid, and the impecunious legal market, the closest Contestee and his attorneys will ever get to Alaska is by watching the Travel Channel.

[7]Contestee also filed a motion for contempt for such a blatant abuse of the process. Cl.R. 130-33.

supported various allegations contained in her petition, and she repeatedly responded, "I don't have any". 5 C.R. 25-34. The impropriety of such conduct was confirmed by Contestee's attorney, who also testified that, based on the evidence developed, the contest was frivolous, 5 C.R. 44, and that $60,000 was expended in defending Contestee against Contestant's spurious allegations. 5 C.R. 43-44. Contestant's response at the hearing: dead silence; she completely failed to present any evidence to contradict her repeated admissions of "no evidence" made during her deposition.[8] 5 C.R. 35.

After considering such evidence, Judge Banales made the following findings:

> The Court finds that Contestant alleged in her petition that based on irregularities—tampering with electronic voting and equipment and the resulting misdirecting of votes— that were reported in the race for District Attorney in the same primary election as hers, the final tabulation in her race for Judge of County Court at Law No. 8 may have been affected by the same irregularities. It was necessary, she alleged, that the voting machines be examined to determine whether any tampering had occurred or any votes misdirected in her race. She appears to be saying that, because of the alleged irregularity that

---

[8]As explain in more detail, *infra*, Contestee does not believe the other portions of Contestant's deposition testimony, which allegedly justified her conduct, were properly before the trial court.

occurred in another race, it must have occurred in her race as well. The Court finds that this pleading is groundless and frivolous without any allegation of facts to support it and that it was made in bad faith.

The Court further finds that, during her deposition testimony presented as evidence, Contestant admitted that she had no evidence to support her allegations, that she had no facts to support a charge of tampering of the voting machines, that no voter had complained of any irregularity in her race similar to what was reported in the District Attorney's race, that she had no evidence that any of votes had been diverted to Contestee, and that she had no evidence of election fraud committed by anyone. The Court also finds that Contestant had no evidence that Contestee may have tampered with the election machines or the vote or the outcome of the election. Even so, she filed her election contest without knowledge of any facts to support it. The [Court] finds that this pleading is groundless and frivolous without any allegation of facts to support it and was made in bad faith.

A sanction may be imposed against a party, her counsel or both. Counsel has a duty to make a good faith preliminary inquiry to determine whether facts exist to support a claim by a potential plaintiff and to plead sufficient facts to show that the claim has merit. Mere speculation or surmise is not enough. A careful reading of the petition shows that counsel did not plead facts to show that Contestant is entitled to relief. It is proper in this case to impose sanctions against both Contestant and her counsel.

Cl.R. 170 (emphasis added).[9]  As a result, both Contestant and her

attorneys were sanctioned $60,000, jointly and severally.  Cl.R. 172.

Naturally disliking this result, Contestant appealed this judgment.

---

[9]Such findings clearly satisfy Tex. R. Civ. P. 13's requirement of specificity, and Contestant fails to complain of lack of specificity herein.

Cl.R. 173-74.

# SUMMARY OF ARGUMENT

Generally, a litigant possesses the right to object to an appointed judge. However, such right is limited to appointments made pursuant to the Government Code. In the case at bar, Judge Banales' appointment was made pursuant to the Election Code. No right exists to automatic disqualification exists under the Election Code.

Every litigant (including candidates who file election contests) are required to investigate their claims prior to filing their petition. In the case at bar, the trial court heard uncontradicted evidence that Contestant did not possess any evidence to support the allegations contained in her contest, and did not possess any evidence on the day the contest was filed. As a result, the trial court was well within its discretion in sanctioning Contestant.

The amount of sanctions awarded lies within the discretion of the trial court, and thus the abused litigant is not required to prove either the reasonableness or necessity of his attorney's fees. Accordingly, whether Contestee provided time figures for each

second spent in defense of this lawsuit is completely irrelevant, and does not impugn the trial court's award.  Furthermore, a sanction cannot be considered excessive when it constitutes the costs of defense.

# ARGUMENT

[A] Presiding Judge Properly Ignored Objection to Appointed Judge

The Election Code provides as follows:

> (a) The judge of a judicial district that includes any territory covered by a contested election that is less than statewide is disqualified to preside in the contest.
>
> (b) If a contest is filed in which a judge is disqualified under Subsection (a), the district clerk shall promptly call the filing to the attention of the judge. The judge shall promptly request the presiding judge of the admini-strative judicial region to assign a special judge to preside in the contest.

Tex. Elec. Code §231.004.  However, the Government provides as follows:

> (a) When a judge is assigned to a trial court **under this chapter**:
>
> (b) If a party to a civil case files a timely objection to the assignment, the judge shall not hear the case. . . .

(c) An objection **under this section** must be filed not later than the seventh day after the date the party receives actual notice of the assignment or before the date the first hearing or trial, including pretrial hearings, commences, whichever date occurs earlier. . . .

(d) An assigned judge or justice who was defeated in the last primary or general election for which the judge or justice was a candidate for the judicial office held by the judge or justice may not sit in a case if either party objects to the judge or justice.

Tex. Gov't Code §74.053 (emphasis added). Based on the wording of such statutes, the presiding judge refused to disqualify Judge Banales based on Contestant's objection; his appointment was pursuant to the Election Code (which does not provide for objections to assignments) and not the Government Code (which does). Cl.R. 49-50. In light of the subsequent sanctions, Contestant naturally complains of the presiding judge's action. However, the presiding judge herein correctly applied the applicable statutes.

"[I]t is settled that every word in a statute is presumed to have been used for a purpose; and a cardinal rule of statutory construction is that each sentence, clause and word is to be given

effect if reasonable and possible." <u>Perkins v. State</u>, 367 S.W.2d 140, 146 (Tex. 1963). Thus, statutes must be enforced as written, <u>City of San Antonio ex rel. City Public Service Board v. Bastrop Cent. Appraisal Dist.</u>, 275 S.W.3d 919, 923 (Tex. App.--Austin 2009, pet. dism'd), despite any imperfections contained therein. <u>Stockton v. Offenbach</u>, 336 S.W.3d 610, 618 (Tex. 2011).

A litigant's right to an automatic objection applies to visiting judges appointed pursuant to the Government Code; the statute providing such rights expressly states that it exists for judges appointed under "this subchapter". Tex. Gov't Code §74.053. The Government Code's provisions of "This subchapter" authorizes the presiding judge to appoint judges "to hold special or regular terms of court in any county of the administrative region to try cases and dispose of accumulated business." Tex. Gov't Code §74.056(a). But given the nature of Contestant's allegations, Judge Banales' appointment was pursuant to (and limited by) the Election Code,[10] and not the Government Code. Cl.R. 49-50; Tex. Elec. Code

---

[10]Contestant's claim that Judge Banales' appointment was the functional equivalent to an appointment under Chapter 74 of the Government Code, Appellant's Brief, p. 11, is false. The Election Code specifically limits whom may be appointed to preside over an election contest.

§231.004.  Thus, pursuant to the plain terms of the statute, Contestant did not possess the statutory right to object to Judge Banales.

Such construction is consistent with other maxims of statutory construction.  "A fundamental rule of statutory construction is that a more specific statute controls over a more general one." <u>Garcia-Udall v. Udall</u>, 141 S.W.3d 323, 331 (Tex. App.--Dallas 2004, no pet.); <u>accord</u>, <u>Tita v. State</u>, 267 S.W.3d 33, 38 n. 7 (Tex. Cr. App. 2008).  Thus, when the law makes a general provision, apparently for all classes, and a special provision for a particular class, the general must yield to the special, insofar as the particular class is concerned.  <u>Springer v. Johnson</u>, 280 S.W.3d 322, 329 (Tex. App.--Amarillo 2008, no pet.).

In the case at bar, the Government Code provides the general provision, to be applied in most cases.  Tex. Gov't Code §74.053.  However, the Election Code provides a specific provision for mandatory recusal, and restricting the class of persons who may be appointed as visiting judge.  Tex. Elec. Code §231.004.  Such provisions are limited to a particular class of lawsuits, i.e. election contests.  Thus, the Election Code (and its lack of a provision for objection) controls.  <u>Springer v. Johnson</u>, <u>supra</u>.

Finally, Contestee would point out that "A statute should not be construed in a spirit of detachment as if it were a protoplasm floating around in space." Wortham v. Walker, 133 Tex. 255, 128 S.W.2d 1138, 1150 (1939). Thus, in construing statutes, courts should consider the consequences of a particular interpretation. O'Carolan v. Hopper, 414 S.W.3d 288, 299 (Tex. App.--Austin 2013, no pet.); Amadi v. City of Houston, 369 S.W.3d 254, 256 (Tex. App.--Houston [14th Dist.] 2011, pet. denied). This remains true, even if the statute is unambiguous. Springer v. Johnson, supra; Griego v. State, 853 S.W.2d 664, 666 (Tex. App.--Houston [1st Dist.] 1993, no p.d.r.).

The Legislature has mandated that election contests proceed on the "rocket docket", with an answer filed within five days, Tex. Elec. Code §232.010, trial within ten (10) days, Tex. Elec. Code §232.012(d), and only one continuance permitted. Tex. Elec. Code §232.012(e). Permitting objections to assigned judges can only interfere with the Legislature's mandate of expedited resolution of election contests. Theoretically, if the presiding administrative judge kept appointing retired judges (who may be the only ones willing to accept such politically radioactive appointments), trial on the merits

could be postponed indefinitely. But even if retired judges were not appointed, permitting objections inevitably delay the proceedings, allowing the parties a week to file an objection, and then forcing the administrative judge to find and appoint another judge. Such delay is directly contrary to the Legislature's intent.

The cases relied upon by Contestant do not address the interplay between Tex. Elec. Code Tex. Elec. Code §231.004 and Tex. Gov't Code §74.053.[11] For example, in Flores v. Banner, 932 S.W.2d 500 (Tex. 1996), one of the litigants repudiated the settlement, and accordingly, filed a motion to recuse the judge. A judge was appointed to hear the recusal motion, and the litigant filed a blanket objection to any retired judge. The Supreme Court held that this blanket objection was sufficient. Id at 501-02. However, such appointment was made pursuant to the Government Code, id at 501; the Election Code does not contain any provisions for the appointment of judges when a motion to recuse is filed.

The case of Flores v. Velasco, 68 S.W.3d 86 (Tex. App.–-Dallas

---

[11]Indeed, for two of the cases, although arising out of an election contest, the litigation had ceased being about an election, but instead involved efforts to enforce a settlement.

2001, no pet.) continued this saga. In the litigation to enforce the settlement, the visiting judge (who had been elected to the bench) retired. Consequently, the administrative judge reassigned the same visiting judge, pursuant to the Government Code. One of the litigants objected. "The unique question presented by this case is whether a judge's previous status as a sitting judge assigned to this case precludes a section 74.053 objection." Id at 88. Again, because the lawsuit involved enforcement of a settlement, and the appointment was made pursuant to the Government Code.

Finally, in Gonzalez v. Ables, 945 S.W.2d 253 (Tex. App.--San Antonio 1997, no writ), two election contests were filed, and thus the presiding administrative judge appointed two special judges. Again, such appointment was made pursuant to the Government Code. The litigants objected to these special judges, and accordingly, the administrative judge appointed himself to preside over the contest. Again, the litigants objected, but to no avail; the administrative judge was merely exchanging benches, and thus the right to disqualification did not apply. Id at 254.

[B] Mere Disagreement With Trial Court Insufficient for Reversal

In her brief, Contestant failed to address the applicable standard of review for the imposition of sanctions. Such an omission constitutes a briefing deficiency which can mandate rebriefing or even summary affirmance of the trial court's decision. <u>See</u>, <u>Stooksbury v. State</u>, 2009 WL 2883518 at 5 (Tex. App.--Waco 2009, p.d.r. ref'd). Recognizing that such relief may be too harsh, Contestee will attempt to correct this omission.

As this Court has noted, "A reviewing court cannot conclude that a trial court abused its discretion if, in the same circumstances, it would have ruled differently or if the trial court committed a mere error in judgment." <u>Engelman Irrigation Dist. v. Shields Bros., Inc.</u>, 960 S.W.2d 343, 354 (Tex. App.--Corpus Christi 1997), <u>writ denied per curiam</u>, 989 S.W.2d 360 (Tex. 1998); <u>accord</u>, <u>E.I. Du Pont de Nemours and Co., Inc. v. Robinson</u>, 923 S.W.2d 549, 558 (Tex. 1995); <u>Wal-Mart Stores, Inc. v. Sholl</u>, 990 S.W.2d 412, 420 (Tex. App.--Corpus Christi 1999, writ denied); <u>Home Owners Funding Corp. of America v. Scheppler</u>, 815 S.W.2d 884, 889 (Tex. App.--Corpus Christi 1991, no writ). Rather, "A trial court abuses its discretion when it does not follow guiding rules and principles and reaches an arbitrary and

unreasonable decision." In re Frost Nat. Bank, 103 S.W.3d 647, 649

(Tex. App.--Corpus Christi 2003, mand. denied). As one reviewing

court explained:

> The question is not whether the trial judge might
> have exercised better judgment, or made a
> mere error in judgment which are no doubt,
> common in many courts. In order for the trial
> court's actions to have been abusive, the order
> must have been so unreasonable, so arbitrary,
> or based upon so gross and prejudicial an error
> of law as to have no basis in reason or in law.

Air Products & Chemicals, Inc. v Sanderson, 789 S.W.2d 651, 653 (Tex.

App.--Beaumont 1990, no writ).

In determining whether an abuse of discretion occurred, the

reviewing court must view the evidence in the light most favorable

to the trial court's action, and indulge every legal presumption in

favor of the judgment or order. In re J.I.Z., 170 S.W.3d 881, 883 (Tex.

App.--Corpus Christi 2005, no pet.). If some evidence supports its

decision, then the trial court acted within its discretion. In re L.G.G.,

398 S.W.3d 852, 855 (Tex. App.--Corpus Christi 2012, no pet.); Reading

& Bates Const. Co. v. O'Donnell, 627 S.W.2d 239, 244 (Tex. App.--

Corpus Christi 1982, writ ref'd n.r.e.).

Furthermore, in reviewing such abuse of discretion complaints, the appellate court must keep in mind the role of the trial judge. As this Court has explained, "[T]he trial court is in the best position to observe the demeanor and personalities of the witnesses and can feel forces, powers, and influences that cannot be discerned by merely reading the record." E.C., Jr. ex rel. Gonzales v. Graydon, 28 S.W.3d 825, 829 (Tex. App.--Corpus Christi 2000, no pet.). Based on such forces, powers, and influences, the trial court determines the credibility of the witnesses, assigns the weight to be given their testimony, Hines v. Commission for Lawyer Discipline, 28 S.W.3d 697, 701 (Tex. App.--Corpus Christi 2000, no pet.), and resolves and reconciles conflicts therein, accepting or rejecting such portions thereof as it sees fit. City of Port Isabel v. Shiba, 976 S.W.2d 856, 859 (Tex. App.--Corpus Christi 1998, writ denied). Thus, the trial court "is free to reach its findings by believing or rejecting some or all of the contradictory testimony when assessing the comparative truthfulness of witnesses." Cantu v. Butron, 921 S.W.2d 344, 349 (Tex. App.--Corpus Christi 1996, writ denied); see also, Roberts v. Burkett, 802 S.W.2d 42, 47 (Tex. App.--Corpus Christi 1990, no writ); Fonseca v.

County of Hidalgo, 527 S.W.2d 474, 481 (Tex. Civ. App.--Corpus Christi 1975, writ ref'd n.r.e.).  This Court cannot substitute its findings for the trial court's concerning the credibility of the witnesses.  Adams v. H & H Meat Products, Inc., 41 S.W.3d 762, 769 (Tex. App.--Corpus Christi 2000, no pet.).

[C] Contestant Failed to Present Evidence of Her Good Faith

"No litigant has the right to put a party to needless burden and expense or to waste a court's time that would otherwise be spent on the sacred task of adjudicating the valid disputes of Texas citizens." Bradt v. West, 892 S.W.2d 56, 79 (Tex. App.--Houston [1st Dist.] 1994, writ denied).  Accordingly, trial courts are authorized to sanction litigants for groundless pleadings and motions, Tex. Civ. Prac. & Rem. Code ch. 9; Tex. Civ. Prac. & Rem. Code ch. 10; Tex. R. Civ. P. 13, and Contestee sought sanctions against Contestant pursuant to such authorization.  Cl.R. 93-98.  The purpose of imposing sanctions for filing groundless pleadings and motions is to deter similar conduct in the future and to compensate the aggrieved party for costs incurred in responding to the frivolous claims.  Law Offices of Robert D. Wilson v. Texas Univest-Frisco, Ltd., 291 S.W.3d 110, 113 (Tex. App.--

Dallas 2009, no pet.).

Consequently, every litigant must make a reasonable inquiry, both factually and legally, prior to filing any pleading or motion. Sanctions are appropriate if the litigant does not possess a factual basis for her allegations. See, e.g., Zeifman v. Nowlin, 322 S.W.3d 804, 809-10 (Tex. App.--Austin 2010, no pet.); Loeffler v. Lytle Independent School Dist., 211 S.W.3d 331, 349 (Tex. App.--San Antonio 2006, pet. denied). A litigant is also required to anticipate affirmative defenses which might be pled. Booth v. Malkan, 858 S.W.2d 641, 643-44 (Tex. App.--Fort Worth 1993, writ denied). A litigant cannot dodge sanctions merely by claiming that she possessed a belief that her allegations were true. K.J. v. USA Water Polo, Inc., 383 S.W.3d 593, 607 (Tex. App.--Houston [14th Dist.] 2012, pet denied); Keith v. Keith, 221 S.W.3d 156, 166-67 (Tex. App.--Houston [1st Dist.] 2006, no pet.). And a litigant cannot file a lawsuit, and hope to uncover evidence supporting her allegations later.[12] See, Robson v. Gilbreath, 267 S.W.3d 401, 405-06 (Tex. App.--Austin 2008, pet. denied).

---

[12]Thus, the short window provided for filing an election contest addresses the quantum of evidence required before filing the petition, *and not whether a contestant must possess evidence **before** filing such a petition*.

Moreover, "A trial court can impose sanctions for a party's or his counsel's failure to inquire into the facts after he is on notice the facts are not what he believes." Monroe v. Grider, 884 S.W.2d 811, 817 (Tex. App.—Dallas 1994, writ denied). "The fact that a party refused requests to dismiss a frivolous claim prior to the imposition of sanctions is evidence which will support a trial court's determination that sanctions are justified in a particular case." Delgado v. Methodist Hospital, 936 S.W.2d 479, 487-88 (Tex. App.--Houston [14th Dist.] 1996, no writ).

Whether to impose sanctions lies in the discretion of the court, and its decision will not be set aside unless an abuse of discretion is show. King v. First Nat. Bank of Baird, 161 S.W.3d 661, 663 (Tex. App.–Eastland 2005, no pet.). As previously mentioned, a trial court does not abuse its discretion in awarding sanction merely because an appellate court views the evidence differently than the trial court, or would have reached a different conclusion had the applicable facts been presented to it initially. Delgado v. Methodist Hospital, supra.

In the case at bar, Contestant admitted that she reviewed the petition before it was filed. 5 C.R. 29. In it, she alleged that the

election process failed to count legal votes, and/or that election officials engaged in other fraud or illegal conduct or made mistakes that precluded an accurate count of the actual votes cast. Cl.R. 24. Yet, Contestant herself did not possess a reasonable basis for such factual allegations, *and did not possess a factual basis at the time she filed the contest.* **The trial court's evidence came from Contestant's own lips**:

> Q. You have no evidence to support your allegations that any election official prevented eligible voters from voting in the County Court at Law 8 race today?
> A. Today with me, no.
>
> Q. Please identify the name of each election official you are accusing that prevented eligible voters from voting at the County Court at Law 8 election.
> A. I don't have that information.
>
> Q. Clearly -- you are not stating that you have any sort of evidence by clear and convincing evidence that Yvonne Ramon[13] is the person that prevented eligible voters from voting, are you?
> A. No, sir.
>
> Q. Or anyone in her department, right?
> A. Specifically, no, sir.
>
> Q. But generally?
> A. No, sir.
>
> . . . . .

---

[13]Ms. Ramon is Hidalgo County Elections Administrator. 5 C.R. 41.

Q. You have no clear or convincing evidence that there were any irregularities in the election for the County Court at Law 8 which would demonstrate that more than 700 votes were either illegal, uncounted or fraudulent?
A. Not at this time, no.

Q. Please identify each voting poll in which illegal votes were counted which materially altered or affected the outcome of the County Court at Law 8 election by more than 700 votes.
A. I don't have that information now.

Q. You cannot identify any voters or election officials who conduct materially -- who affected the result of the outcome of the County Court at Law election by more than 700 votes, true?
A. Not at this time.

. . . . .

Q. Okay. What training do you have or background do you have in telling from numbers that there is fraud?
A. Because two plus two equals four, sir.

. . . . .

Q. Okay. Please identify the name of each election official you are accusing engaged in fraud which materially altered the outcome of the County Court at Law 8 election.
A. I have none at this time.

Q. Please identify the name of each election official that you are accusing engaged in illegal conduct which materially altered the outcome of the County Court at Law 8 election.
A. I'm not stating anyone specifically at this time.

Q. Because you don't know of anyone right now, correct?
A. Correct.

Q. And you didn't know of anybody at the time that you filed you're election contest, correct?
A. Correct.

Q. And the day before you filed it, you didn't know -- you couldn't identify anyone at that time, either, correct?
A. Correct.

Q. Please identify the name of each election official you're accusing made a mistake which materially altered the outcome of the County Court at Law 8 election.
A. I don't have any names at this time.

Q. And you didn't have any the day before the petition was filed, correct?
A. Correct.

Q. And you didn't have any at the time that you filed the election contest with the Court, correct?
A. Correct.

. . . .

Q. . . . You have no evidence to support any malfunction or illegal manipulation which materially affected the outcome of the County Court at Law 8 race --
A Not at this time.
Q -- by more than 700 votes?
A Not at this time.

. . . .

Q Okay. What evidence do you have that there were irregularities in the casting and counting of ballots in the election that proves that true election results cannot be ascertained?
A We don't have that at this time.

Q. And you don't know when we're going to have it, right?

A. That's correct.

Q. And it's speculation on your part of what the results are going to be, correct?
A. It's speculation on everyone's part.

Q. Which polling location specifically?
A. I don't know exactly what polling location. I don't remember.

Q. Which individuals specifically you spoke to?
A. To friends of our family.

Q. Okay. Who are they?
A. I don't remember the names, all of the names at this time.

Q. Just give me some of the names that you used to form the basis of the letter that you wrote the county judge about -- complaining of numerous inconsistencies and discrepancies?
A. I don't have those names at this time.

. . . . .

Q. What evidence do you have that there were irregularities in the casting and counting of ballots in the election that proves the contestant would be declared the winner?
A. We don't have that information at this time.

Q. What evidence do you have that there were irregularities in the casting and counting of ballots in the election that proves a contestant would be declared the winner?
A. We don't have that at this time.

Q. As you sit here today, you can't point to any polling station or precinct that had any voting irregularities; is that correct?

A. Not at this time, no.

. . . . .

Q. One more question. As we sit here today with the
evidence that you have before you that you've provided,
do you believe that we should have a new election?
A. I can't -- I can't draw a conclusion right now.

5 C.R. 25-34, *passim* (emphasis added).  Given the complete lack of evidentiary support for Contestant's allegations, and Contestant's failure to present contrary evidence (despite its patent availability), 5 C.R. 35,[14] the trial court did not abuse its discretion in awarding sanctions.  See, Gutierrez v. Elizondo, 139 S.W.3d 768, 775 (Tex. App.-- Corpus Christi 2004, no pet.).

Contestant failed to present any evidence at the hearing of her white heart.  5 C.R. 35.  Subsequent to the hearing (and again on appeal), Contestant cites to other evidence in her deposition, evidence which she contents proves her white heart.  Cl.R. 141-44.[15] But the time for presenting such evidence to the trial court was at the sanctions hearing.  Consequently, Contestee believes such evidence is not properly before this Court.

---

[14]Contrary to Contestant's implied assertion, Appellant's Brief, p. 18, Contestee did not possess the burden to present evidence which contradicted his motion.
[15]Contestee did not play the entire videotape deposition.  5 C.R. 24.

In reviewing a trial court's decision, this Court is limited to the evidence which the trial court considered,[16] <u>Goss v. State</u>, 944 S.W.2d 748, 750 (Tex. App.--Corpus Christi 1997, no p.d.r.). Consequently (and axiomatically), this Court is barred from considering matters which appear outside the record, <u>Sabine Offshore Service, Inc. v. City of Port Arthur</u>, 595 S.W.2d 840, 841 (Tex. 1979); <u>Harbor Perfusion, Inc. v. Floyd</u>, 45 S.W.3d 713, 717 n. 1 (Tex. App.--Corpus Christi 2001, no pet.), and it is improper for a litigant to rely on matters outside the record in making her arguments to the court of appeals. <u>de Laurentis v. United Services Auto. Ass'n</u>, 162 S.W.3d 714, 722 n. 6 (Tex. App.--Houston [14th Dist.] 2005, pet. denied). While portions of Contestant's deposition was referred to in her post hearing brief, it was never expressly presented as evidence at the hearing, and nothing in the record indicates that the trial court affirmatively considered it.[17] Therefore, in determining whether the trial court

---

[16]"Appellate courts must base their decisions on the record as made and brought forward, not on a record that should have been made or that could have been made." <u>In re Estate of Washington</u>, 262 S.W.3d 903, 906 (Tex. App.--Texarkana 2008, no pet.).

[17]As a general rule, sanctions should not be premised on the cold papers filed, but only after viewing the witnesses and assessing their credibility. <u>New York Underwriters Ins. Co. v. State Farm Mut. Auto. Ins. Co.</u>, 856 S.W.2d 194, 205 (Tex. App.--Dallas 1993, no writ).

abused its discretion, this Court cannot consider it. <u>Tesoro v. Alvarez</u>, 281 S.W.3d 654, 660 n. 3 (Tex. App.--Corpus Christi 2009, no pet.); <u>Llanes v. Davila</u>, 133 S.W.3d 635, 641 (Tex. App.--Corpus Christi 2003, pet. denied).

But even if this Court considered such evidence, this Court would find that the trial court did not abuse its discretion. Direct evidence of a sanctioned person's subjective intent is not required; mal intent may be shown by either direct or circumstantial evidence. <u>Scheel v. Alfaro</u>, 406 S.W.3d 216, 227 (Tex. App.--San Antonio 2013, pet. denied); <u>Owen v. Jim Allee Imports, Inc.</u>, 380 S.W.3d 276, 289 (Tex. App.--Dallas 2012, no pet.). Furthermore, a trial court weighs the evidence, and determines which evidence is more credible. <u>Roberts v. Burkett</u>, <u>supra</u>; <u>Fonseca v. County of Hidalgo</u>, <u>supra</u>.

To prevail in her election contest, Contestant was required to change or eliminate 700 votes. Only one voting machine allegedly contained improprieties, and the improper vote occurred in the District Attorney's race, and not in the County Court at Law No. 8 race. Cl.R. 19. This machine alone could not provide a reasonable basis for her election contest. <u>Robson v. Gilbreath</u>, <u>supra</u>. While

Contestant indicated that she had learned of other improprieties on election day, she refused to identify who provided such information or what such improprieties were. 5 C.R. 33. She also admitted that her election contest was premised just on her suspicion. 5 C.R. 32. The trial court could infer that because Contestant did not possess evidence after discovery, she did not possess evidence when she filed her contest.

Contestant's election petition does not specifically refer to the District Attorney's Office, and that it alone will prove irregularities. 5 C.R. 29. While admittedly a Hidalgo County grand jury was investigating the voting machines, as the old adage goes, a prosecutor could convince a grand jury to indict a ham sandwich. United States v. Navarro-Vargas, 408 F.3d 1184, 1195 (9th Cir. 2005). But more fundamentally, the Hidalgo County District Attorney's Office was not prosecuting this matter; Contestant *herself* was required to present evidence that the voting machines functioned improperly. Yet, she made absolutely no effort to obtain access to the machines, or independently investigate such alleged malfunctions and the effect on the ultimate tally. 3 C.R. 6, 9. When

questioned by she did not attempt to investigate the machines, she claimed that she did not think about it. 5 C.R. 31. After reviewing such evidence, Contestee's attorney concluded that the election contest was frivolous. 5 C.R. 44. Based on this evidence (which the trial court found credible), the trial court did not abuse its discretion in awarding sanctions. Beasley v. Peters, 870 S.W.2d 191, 196 (Tex. App.--Amarillo 1994, no writ).

Contestant further argues that because this Court determined that the trial court erred it granted pleas to the jurisdiction, then *ipso facto*, her suit possesses merit, precluding sanctions. However, in adjudicating a plea to the jurisdiction, the actual merits are irrelevant; a plea to the jurisdiction decides whether a court can even reach the merits. Mission Consol. Ind. Sch. Dist. v. Garcia, 372 S.W.3d 629, 635 (Tex. 2012). Ignoring the requirement that an appellate court must affirm a judgment on any ground presented in the record, Keaton v. Ybarra, 552 S.W.2d 612, 616 (Tex. Civ. App.-- Corpus Christi 1977, writ ref'd n.r.e.), this Court in its prior decision completely ignored the lack of evidence to support Contestant's position. Cl.R. 17-27. "The sole issue before the Court of Appeals was

whether the allegations in Contestant's petition were sufficient to give the trial court jurisdiction to hear the case. The Court of Appeals did not address the issue whether facts were pled to support the petition." Cl.R. 171.[18]  Furthermore, sanctions were not imposed on Contestant due to pleading insufficiencies, but because no evidence supported her allegations, and she made no effort to obtain such evidence.  Cl.R. 170.  Thus, this Court's prior reversal does not shield Contestant from sanctions.  Metzger v. Sebek, 892 S.W.2d 20, 53 n. 31 (Tex. App.–Houston [1st Dist.] 1994, writ denied), cert. denied, 516 U.S. 868, 116 S.Ct. 186, 133 L.Ed.2d 124 (1995)(pleadings still considered frivolous even though litigant prevailed on motion for summary judgment).

[D] Contestee Not Required to Present Time Figure for Each Activity

In order to determine the amount of sanctions, Contestee's trial attorney testified concerning the nature of the work performed.  5 C.R. 37-44.  He also produced activity sheets, which provided a list of his activities.  Based on the foregoing, he opined that Contestee had incurred $60,000 in the defense of this matter.  5 C.R. 43.  The trial

---

[18]Thus, the fact that election contests are statutorily authorized is completely irrelevant to sanctions.

court found such testimony credible, and awarded this amount.[19]
Cl.R. 172. Naturally, Contestant does not find such testimony credible, and consequently claims the trial court abused its discretion. Naturally, Contestee's disagrees with such assessment of the evidence. But on a more fundamental level, Contestee disagrees with Contestant's premise, i.e. that he was required to present evidence demonstrating the reasonable and necessary nature of attorney's fees in this context.

### {1} REASONABLE AND NECESSARY PROOF UNNECESSARY

When a litigant is seeking attorney's fees for breach of contract or violations of the Texas Deceptive Trade Practices Act, he must prove that the attorney's fees expenses sought are reasonable and necessary. However, when attorneys' fees are sought as sanctions, the movant is need not present evidence any evidence of either necessity or reasonableness. <u>Sellers v. Gomez</u>, 281 S.W.3d 108, 116

---

[19] "The choice of sanctions is for the trial court to determine, and so long as the sanctions are within the authority vested in the trial court they will not be overturned unless they constitute a clear abuse of discretion." <u>Ogunboyejo v. Prudential Property and Cas. Co.</u>, 844 S.W.2d 860, 863 (Tex. App.—Texarkana 1992, writ denied). Because the sanctions awarded compensated Contestee for the amount of attorney's fees he incurred in defending the election contest, the sanctions fulfilled one of its designed purposes, and thus was not excessive.

(Tex. App.--El Paso 2008, pet. denied); <u>Miller v. Armogida</u>, 877 S.W.2d 361, 365 (Tex. App.--Houston [1st Dist.] 1994, writ denied).  Indeed, in this situation, the movant need not present any proof of attorney's fees at all.  <u>In re Braden</u>, 960 S.W.2d 834, 836 (Tex. App.--El Paso 1997, no pet.).  "In cases in which the judgment is not one for earned attorney's fees, but rather a judgment imposing attorney's fees as sanctions, it is not invalid because a party fails to prove attorney's fees."  <u>Scott Bader, Inc. v. Sandstone Products, Inc.</u>, 248 S.W.3d 802, 816 (Tex. App.--Houston [1st Dist.] 2008, no pet.). Accordingly, an appellant who complains of "no evidence" or "insufficient evidence" of necessity or reasonableness to support attorney's fees awarded *qua* sanctions, has failed to present error.  <u>Cognata v. Down Hole Injection, Inc.</u>, 375 S.W.3d 370, 381 (Tex. App.--Houston [14th Dist.] 2012, pet. denied); <u>Prize Energy Resources, L.P. v. Cliff Hoskins, Inc.</u>, 345 S.W.3d 537, 576 (Tex. App.--San Antonio 2011, no pet.).

And so it is in the case at bar.  Contestee was not awarded attorney's fees for breach of contract or violation of the Texas Deceptive Trade Practice Act; instead, as the trial court found, he was awarded attorney's fees because Contestant engaged in

sanctionable conduct. Cl.R. 168-72. Because attorney's fees were imposed as a sanction, Contestant cannot complain of any lack of evidence concerning reasonableness or necessity. <u>Cognata v. Down Hole Injection, Inc.</u>, <u>supra</u>; <u>Prize Energy Resources, L.P. v. Cliff Hoskins, Inc.</u>, <u>supra</u>.[20]

{2} SUFFICIENT EVIDENCE WAS PRESENTED OF ATTORNEY'S FEES

At the hearing on his motion for sanctions, Contestee presented evidence concerning attorney's fees for the prosecution of the underlying election contest. 5 C.R. 37-44. Assuming that Contestee was required to prove the reasonableness and necessity of such fees, he clearly satisfied this burden.

In determining a reasonable and necessary attorney's fees, a trial court considers the following factors:

1. the time and labor required;

2. the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;

3. the likelihood that the acceptance of the particular employment will preclude other

---

[20]This contention was expressly presented to the trial court, Cl.R. 164, yet Contestant failed to address it in the brief presented to this Court. Appellant's Brief, pp. 21-22.

employment by the lawyer;

4. the fee customarily charged in the locality for similar legal services;

5. the amount involved and the results obtained;

6. the time limitations imposed by the client or by the circumstances;

7. the nature and length of the professional relationship with the client;

8. the experience, reputation, and ability of the lawyer or lawyers performing the services; and

9. whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

Arthur Anderson & Co. v. Perry Equipment Corp., 945 S.W.2d 812, 818 (Tex. 1997).  But these are just guidelines, not elements of proof.  In re Estate of Johnson, 340 S.W.3d 769, 789 (Tex. App.--San Antonio 2011, pet. denied).  No one factor is controls, and the applicant is not required to present evidence on every factor.  View Point Bank v. Allied Property and Cas. Ins. Co., 439 S.W.3d 626, 636 (Tex. App.-- Dallas 2014, pet. filed); Acad. Corp. v. Interior Buildout & Turnkey

<u>Constr., Inc.</u>, 21 S.W.3d 732, 742 (Tex. App.--Houston [14th Dist.] 2000, no pet.).  In addition to these factors, the trial court may consider the entire record and the common knowledge of the lawyers and judges.  <u>In re M.A.N.M.</u>, 231 S.W.3d 562, 567 (Tex. App.--Dallas 2007, no pet.).

"The amount and reasonableness of attorney's fees is a question of fact.  .  . Testimony of a local attorney as to what would be a reasonable fee for handling the case is some evidence to support an award of attorney's fees." <u>Gonzalez v. Nielson</u>, 770 S.W.2d 99, 102-03 (Tex. App.--Corpus Christi 1989, writ denied). "Courts have uniformly held that any award of attorney's fees, pursuant to statute or under common law, is within the discretion of the trial court. Absent a showing of an abuse of discretion, the award or failure to award fees will not be disturbed on appeal." <u>Amoco Production Co. v. Smith</u>, 946 S.W.2d 162, 165 (Tex. App.--El Paso 1997, no writ).  A reviewing court cannot find an abuse of discretion merely because a litigant complains the award is too generous. <u>Garrod Investments, Inc. v. Schlegel</u>, 139 S.W.3d 759, 768 (Tex. App.--Corpus Christi 2004, no pet.).

At the hearing on sanction, Contestee presented evidence in support of an award. Contestee's trial attorney testified that he specialized in litigation. 5 C.R. 36. He further explained that election contests were complex matters which "have to be handled at lightening speed". 5 C.R. 36. In addition to client conferences, Contestee's attorney took several depositions, including those of Contestant, the witnesses who allegedly witnessed the election machine malfunction, and the Hidalgo County Elections Administrator. He also intervened in the lawsuit wherein the voting machines had been impounded, obtaining a right to limited participation in the their testing.[21] This naturally required research re forensic testing of voting machines. Numerous hearing were attended, all of which required preparation. Furthermore, because election contests are not filed every day, such activity was novel, requiring research. 5 C.R. 38-42. As a result, Contestee's attorney testified that $60,000 in attorney's fees was reasonable. 5 C.R. 43-44. To support such activity, Contestee presented a detailed listing of his

---

[21]Contestant's contention that she could not obtain access to the voting machines is completely devoid of merit; she did not even try. Her statements that she did try is false.

activities.  Contestee's Ex. 1.  While Contestee's trial counsel was cross examined, Contestant failed to present any contradictory testimony. 5 C.R. 49.  Accordingly, the trial court did not abuse its discretion in making the award.

{3} NOT REQUIRED TO ACCOUNT FOR EACH SECOND SPENT

Because he was not relying upon the loadstar method for attorney's fee calculation,[22] what Contestee's attorney failed to do was present testimony concerning how long each particular activity took for him to complete.  Seizing upon such failure, Contestant asserts that no evidence supports the trial court's award.  But such position was not well taken.

As previously noted herein, the *Arthur Andersen* factors merely constitute guidelines, not elements of proof.  In re Estate of Johnson, supra.  "[A]lthough typically the nature and extent of the services performed is expressed by the number of hours and the hourly rate, there is no rigid requirement that these facts must be in evidence for such a determination to be made."  Hays & Martin, L.L.P. v. Ubinas-

---

[22]The lodestar method is determining attorney's fees by multiplying a reasonable number of hours worked by the prevailing hourly rate in the community for similar work.  Bates v. Randall County, 297 S.W.3d 828, 838 n. 10 (Tex. App.-- Amarillo 2009, pet. denied).

Brache, 192 S.W.3d 631, 636 (Tex. App.--Dallas 2006, pet. denied). Thus, evidence is sufficient to support an award if a total amount is stated, with an explanation of why such amount is reasonable and necessary, but without a precise amount of hours.  In re A.S.G., 345 S.W.3d 443, 451-52 (Tex. App.--San Antonio 2011, no pet.); In re A.B.P., 291 S.W.3d 91, 98-99 (Tex. App.--Dallas 2009, no pet.); Burnside Air Conditioning & Heating, Inc. v. T.S. Young Corp., 113 S.W.3d 889, 898 (Tex. App.--Dallas 2003, no pet.).  Thus, a litigant is not required to present the court with a precise second by second account for each activity.  Delcor USA, Inc. v. Texas Indus. Specialties, Inc., 2011 WL 6224466 at 5 (Tex. App.--Houston [14th Dist.] 2011, no pet.); La Ventana Ranch Owners' Ass'n, Inc. v. Davis, 363 S.W.3d 632, 651 (Tex. App.--Austin 2011, pet. denied).

Contestant's authority does not mandate a contrary result.  A litigant *can* prove reasonable and necessary attorney's fees by utilizing the loadstar method.  Obviously, as Contestant's authorities[23] hold, if a litigant is required or otherwise utilizes the loadstar method, he is required to provide competent evidence of the time spent.  But

---

[23]City of Laredo v. Montano, 414 S.W.3d 731, 736-37 (Tex. 2013); El Apple I v. Olivas, 370 S.W.3d 757, 763 (Tex. 2012).

Contestee herein did not utilize the loadstar method, but instead provided a flat figure for reasonable attorney's fees. 5 C.R. 44. Thus, such authority is inapplicable.

## CONCLUSION AND PRAYER

Election contests strike at the legitimacy of a public office holder. Such allegations create a cloud over the elected official; even if he is legally cleared, some citizens will believe that where there is smoke there is fire, and thus he improperly holds office. As applied to the case at bar, while Contestee's rulings now possess the force of law, due to Contestant's misconduct, such rulings may not be accepted by all the citizens appearing before him. As the trial court found, Cl.R. 168-72, such impugnation never should have occurred.

WHEREFORE, PREMISES CONSIDERED, **E. OMAR MALDONADO**, Contestee in the above styled and numbered cause, respectfully prays that the judgment of the trial court be **AFFIRMED**, that all costs be taxed against Contestant, and for all other and further relief, either at law or in equity, to which Contestee shows himself entitled.

Respectfully submitted,

**Daniel M.L. Hernandez**
State Bar No. 24034479
**HERNANDEZ LAW FIRM, P.C.**
308 E. Villa Maria Rd.
Bryan, Texas 77801
Telephone: 1.979.822.6100
Facsimile: 1.979.822.6001

**George D. Durham III**
Bar Card No.: 24082940
**GSK LAW**
517 West Nolana, #6
McAllen, Texas 78504
Tel:   (956) 900-4187

**Hitesh K. Chugani**
State Bar No. 24066519
**H.K.C. LAW**
517 W. Nolana, #7
McAllen, Texas  78504
Tel:   (956) 212-1601
Fax:  (956) 524-5153

**LIVESAY LAW OFFICE**
Brazos Suites No. 9
517 W. Nolana Ave.
McAllen, Texas 78504
(956) 928-0149

BY: __KEITH C. LIVESAY_____
     **KEITH C. LIVESAY**
     State Bar No. 12437100

# CERTIFICATE OF COMPLIANCE

I, **KEITH C. LIVESAY**, do hereby certify that the above and

foregoing document was generated using Word 2007, utilizing 14 point font, and contains 8626 words.

\_\_KEITH C. LIVESAY_____
**KEITH C. LIVESAY**

# CERTIFICATE OF SERVICE

I, **KEITH C. LIVESAY**, do hereby certify that I have caused to be delivered a true and correct copy of the above and foregoing document to Appellant's Counsel of Record, on this the 16th day of February, 2015.

\_\_KEITH C. LIVESAY_____
**KEITH C. LIVESAY**
