**In the Interest of J.I.Z., a Minor Child.**

**No. 13–04–066–CV.**

Court of Appeals of Texas,
Corpus Christi–Edinburg.

Aug. 18, 2005.

John B. Worley, Child Support Division, Rhonda Pressley, Asst. Atty. Gen., Austin, for appellant.

Alberto Garcia, Harlingen, for appellee.

Jose Angel Zamora, Mercedes, pro se.

Before Chief Justice VALDEZ and Justices HINOJOSA and RODRIGUEZ.

## OPINION

Opinion by Justice RODRIGUEZ.

Appellant, the Attorney General of Texas, appeals the trial court's order granting a motion to reduce the child support payments of appellee, the legal father of J.I.Z., a minor child. Because the child support rights were assigned to the State, the Attorney General intervened. By four issues, appellant generally contends that until the parent-child relationship is severed, appellee remains the child's legal father and owes a duty of support that cannot now be modified on the basis that he is not the child's biological father. We reverse and render.

## I.  Background

A 1996 paternity adjudication established the parent-child relationship between appellee and the child. Among other things, the order identified appellee as the biological father of the child and ordered that he pay regular child support in the amount of $123.00 a month beginning July 1996. Appellee did not appeal this judgment. In 2002, after falling behind on child support payments, appellee obtained DNA test results which he contends excluded him as the child's father. Based on the results of this DNA test, appellee filed a motion to modify his child support payments. Appellee attached the DNA test results to his pleading but did not offer or admit the results into evidence at the hearing on his motion to modify. After the hearing, at which no evidence was offered, the trial court granted appellee's motion and reduced his child support payments to zero, thus relieving appellee of his duty to pay child support. This appeal ensued.

## II.  Analysis

By four issues, appellant contends that the trial court abused its discretion in granting appellee's motion to modify his child support because (1) appellee cannot use a motion for modification to circumvent the requirements of a bill of review, (2) there is no evidence to support a finding that a material and substantial change in the financial situation of either appellee or the child has occurred, (3) there is no evidence to support a finding that there has been any change of circumstances

since the previous judgment, and (4) there is no evidence that the court's order is in the best interest of the child.

## A. Standard of Review

■ We review a trial court's decision to deny or grant a motion to modify a child support order for an abuse of discretion. *See Worford v. Stamper,* 801 S.W.2d 108, 109 (Tex.1990) (per curiam). The test for abuse of discretion is whether the trial court acted without reference to any guiding rules or principles and therefore acted arbitrarily or unreasonably. *Id.* A trial court's failure to analyze or apply the law correctly constitutes an abuse of discretion. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992); *see Worford,* 801 S.W.2d at 109.

■ In determining whether an abuse of discretion has occurred, we view the evidence in a light most favorable to the court's decision and indulge every legal presumption in favor of its judgment. *Holley v. Holley,* 864 S.W.2d 703, 706 (Tex. App.-Houston [1st Dist.] 1993, writ denied). Courts consider sufficiency of the evidence as one factor when determining whether the trial court abused its discretion. *Zorilla v. Wahid,* 83 S.W.3d 247, 252 n. 1 (Tex.App.-Corpus Christi 2002, no pet.). If findings of fact or conclusions of law are neither filed nor requested, the judgment of the trial court implies all necessary findings of fact to support it. *Holt Atherton Indus., Inc. v. Heine,* 835 S.W.2d 80, 83 (Tex.1992). When a reporter's record is brought forward, the legal and factual sufficiency of the implied findings may be challenged on appeal. *Id.* at 84.

## B. Motion to Modify Support

■ By its first issue, appellant contends that it is not legally permissible to use a support modification action to circumvent the requirements of a bill of review, requirements that must be established in order to fully address the issue of parentage. *See King Ranch, Inc. v. Chapman,* 118 S.W.3d 742, 751–52 (Tex.2003) (setting out that a "bill of review petitioner must ordinarily plead and prove (1) a meritorious defense to the cause of action alleged to support the judgment, (2) that the petitioner was prevented from making a meritorious claim or defense by the fraud, accident or wrongful act of his or her opponent, and (3) the petitioner was not negligent") (citing *Alexander v. Hagedorn,* 148 Tex. 565, 226 S.W.2d 996, 998 (1950)). Appellant contends that until this parent-child relationship is determined by a bill of review proceeding or severed by termination,[1] appellee remains the child's legal father and continues to owe a duty of support commensurate with his financial ability and the child's needs. Appellant asserts that appellee cannot avoid his duty to provide support simply by filing a motion to decrease his payments to zero, especially when the motion is based on a DNA report that purports to exclude his biological parenthood. We agree.

■ After the time for an appeal expires, a bill of review is the only method available to overturn a judgment. *Middleton v. Murff,* 689 S.W.2d 212, 213 (Tex. 1985) (per curiam). Accordingly, a bill of review is the only means by which a party may overturn a paternity judgment after the time for an appeal has expired. *See Spears v. Haas,* 718 S.W.2d 756, 758 (Tex. App.-Corpus Christi 1986, orig. proceeding) (hearing bill of review two years after

---

1. We note that at the hearing on the motion to modify, appellee's counsel informed the court that appellee "wishes to file a termination on this matter; but at this point . . . he has filed a motion to modify to reduce the child support payments to zero. . . ."

judgment); *see also Layton v. Nationsbanc Mortg. Corp.*, 141 S.W.3d 760, 763 (Tex.App.-Corpus Christi 2004, no pet.) (setting out that the only exception to the four-year limitation for a bill of review is when the petitioner proves extrinsic fraud); *Amanda v. Montgomery*, 877 S.W.2d 482, 488 (Tex.App.-Houston [1st Dist.] 1994, no writ) (Hedges, J., concurring) (concluding alleged fraudulent acts pertaining to paternity, an issue involved in the original action, are allegations of intrinsic fraud, not extrinsic fraud). The Uniform Parentage Act also provides that "[a] party to an adjudication of paternity may challenge the adjudication only under the laws of this state relating to appeal, the vacating of judgments, or other judicial review." *See* TEX. FAM. CODE ANN. § 160.637(e) (Vernon 2002).

Moreover, while a court may modify child support payments, an adjudicated father's discovery that he is not the biological father of the child is not an event that provides the basis for termination of his duty of support. *See id.* § 154.006 (providing, unless otherwise agreed in writing or expressly provided in the order, termination of the duty of support occurs when the child marries, has disabilities removed, or dies, or the father (obligor) and mother (obligee) remarry); *In re T.S.S., a Child*, 61 S.W.3d 481, 485 (Tex.App.-San Antonio 2001, pet. denied) (setting out that "Texas courts are not free to adopt a rule that an adjudicated father may be relieved of his support obligations anytime he comes forward with DNA evidence post-decree that tends to exclude him as the biological father."); *Thompson v. Thompson*, 572 S.W.2d 761, 763–65 (Tex.Civ.App.-Tyler 1978, no writ) (holding that "appellant will not be permitted, at this later [support modification] hearing, to raise for the first

time the contention that he is not the father of the child"). Additionally, the Uniform Interstate Family Support Act provides that "[a] party whose parentage of a child has been previously determined by or under law may not plead nonparentage as a defense to a proceeding under this chapter." TEX. FAM. CODE ANN. § 159.315 (Vernon 2002); *see id.* § 160.607(b) (Vernon Supp.2004–05) (setting out that a proceeding seeking to disprove the father-child relationship between a child and the child's presumed father may be maintained only if the court determines the presumed father never treated the child as his own and the presumed father and the child's mother never lived together or engaged in intercourse during the probable time of conception); *id.* § 160.608 (authorizing the trial court to deny a motion for an order for genetic testing filed by a presumed father).

Thus, because the time for an appeal has expired, appellee may only vacate the judgment of paternity through a bill of review, although, in this case, he may not satisfy the requirements for a bill of review. *See Amanda*, 877 S.W.2d at 488 (explaining that mother's alleged fraud (concealing her knowledge of the identity of the child's real biological father) was not extrinsic because it was not "collateral" to the matter that was tried, but rather directly related to paternity, a subject actually an issue in the initial proceeding). Appellee should not, however, be allowed to avert his duty of support by filing a motion to decrease his support payments to zero on the basis of DNA results without first overturning the parentage judgment or terminating his parentage.[2] We, therefore, conclude that the trial court abused its discretion when it arbitrarily granted appellee's motion and reduced his

---

**2.** We also note that because appellee remains the child's legal father, appellant cannot pursue the enforcement of child support duties against the child's biological father.

child support payments to zero. Appellant's first issue is sustained.

## C. Evidentiary Challenges

By its remaining issues, appellant generally contends that the evidence is legally insufficient to establish that a material and substantial change of circumstances has occurred since the previous judgment or to establish that a reduction of support to zero would be in the best interest of the child. *See* TEX. FAM. CODE ANN. § 156.401 (Vernon Supp.2004–05) (providing that a court may modify a child support order if the circumstances have materially and substantially changed since the date of the order's rendition); *id.* § 154.122 (Vernon 2002) (providing that application of support guidelines is rebuttably presumed to be in the best interest of the child); *id.* § 154.123 (setting out factors to consider if the evidence rebuts the presumption that application of the guidelines set out in the family code is in the best interest of the child); *MacCallum v. MacCallum,* 801 S.W.2d 579, 582 (Tex. App.-Corpus Christi 1990, writ denied) (concluding that the best interest of the child shall always be the trial court's primary consideration in determining questions of child support). We agree.

Appellee has provided no evidence to establish a material and substantial change in any circumstances to warrant a modification of support payments to zero or that such a modification was in the best interests of the child. Appellee attached DNA test results to his motion to modify but failed to introduce the results or any other evidence at the hearing. Like our sister court in San Antonio set out in *In re T.S.S.,* we are not free to adopt a rule that would allow an adjudicated father to be relieved of his support obligations simply by coming forward with DNA evidence post-decree that tends to exclude him as

the biological father. *See In re T.S.S.,* 61 S.W.3d at 485. Therefore, even if we were to conclude that appellee properly pursued the reduction of his support payment through a motion to modify, he has provided no evidence to support the reduction or to establish that the reduction was in the best interest of the child. It was an abuse of discretion for the trial court to modify appellee's child support payments to zero on this basis. Appellant's second, third, and fourth issues are sustained.

## III. Conclusion

Because we have concluded that there is no legal basis for the trial court to reduce appellee's child support payments to zero, appellee remains legally obligated to financially support the child. *See* TEX. FAM. CODE ANN. § 151.001(a) (setting out rights and duties of parent). Accordingly, we reverse the trial court's judgment and render judgment that appellee's motion to decrease his child support be denied.