**Elene B. GLASSMAN, Appellant**

v.

**Meryl B. GOODFRIEND, Appellee**

**NO. 14–16–00327–CV**

Court of Appeals of Texas,
Houston (14th Dist.).

Opinion Filed March 21, 2017

Rehearing Overruled April 18, 2017

Elene B. Glassman, Houston, TX, Pro se.

John Fason, Houston, TX, for Appellee.

Panel consists of Justices Christopher, Jamison, and Donovan.

## OPINION

Tracy Christopher, Justice

This is appellant Elene B. Glassman's second untimely attempt to appeal the judgment rendered against her for breach of fiduciary duty. Five years after the trial court rendered the final judgment at issue, Glassman collaterally attacked the judgment on the ground that the trial court lacked jurisdiction to render it, and thus, the judgment was void. In an en banc decision, we held that the record established that the trial court did have jurisdiction, and we sanctioned her for bringing a frivolous appeal. *See Glassman v. Good-*

*friend,* 347 S.W.3d 772 (Tex. App.–Houston [14th Dist.] 2011, pet. denied) (op. on reh'g en banc) (*"Glassman I"*). We denied her motion for rehearing, and the Texas Supreme Court denied both her petition for review and her motion for rehearing of her petition for review.

Another five years has passed, and Glassman has again come before us, arguing that our earlier decision was wrong. Appellee Meryl B. Goodfriend asks us to sanction Glassman for bringing a frivolous appeal and to reverse the trial court's denial of Goodfriend's motion to declare Glassman a vexatious litigant.

We affirm the trial court's judgment. Although we lack jurisdiction to review the trial court's refusal to declare Goodfriend a vexatious litigant, we grant Goodfriend's request for sanctions against Glassman for bringing a frivolous appeal.

### I. BACKGROUND

We summarize the earlier background of this case as drawn from *Glassman I.*

### A. The Underlying 2006 Judgment

Upon the death of their last-surviving parent, sisters Glassman and Goodfriend were to receive the remainder of their parents' inter vivos trust. *Id.* at 775. Glassman failed to fulfill her duty as trustee, and Goodfriend filed suit against Glassman in Harris County Probate Court No. 1 to compel Glassman to render a final accounting and distribute the trust's assets. *See id.* Glassman still refused to do so, even after being sanctioned and confined for contempt. *See id.* at 775–76. The trial court removed Glassman as trustee, terminated the trust, and appointed a successor trustee to wind up the trust. *Id.* at 776. Goodfriend's claims against Glassman for breach of fiduciary duty, including malfeasance and defalcation, were tried without a jury; Glassman did not attend. *Id.*

On June 27, 2006, the trial court signed a final judgment awarding Goodfriend nearly $308,000 in actual damages and $50,000 in exemplary damages, together with attorney's fees and interest, and denying all relief on Glassman's counterclaims. *See id.* at 776–77. The trial court also ordered Glassman to relinquish to Goodfriend all trust property. *Id.* at 777. Glassman did not timely appeal the judgment. *See id.* at 777, 778, 783. After a final accounting, the trust closed in 2007. *See id.* at 776.

### B. Glassman's First Collateral Attack on the Underlying Judgment

To collect the judgment, Goodfriend instituted a garnishment proceeding, which was filed in Harris County Probate Court No. 1 under a separate cause number. *See id.* at 777. In 2009, the trial court signed a final garnishment order. *Id.*

In her appeal of the garnishment order, Glassman collaterally attacked the underlying 2006 judgment. According to Glassman, Harris County Probate Court No. 1 lacked jurisdiction to render the 2006 judgment, and thus, the judgment was void. *See id.* at 778. She additionally argued, *inter alia,* that the trial court violated her due-process rights under the state and federal constitutions. *See id.*

We concluded that the judgment was not void and explained that the trial court had jurisdiction to render the challenged judgment. *Id.* at 779. As for Glassman's nonjurisdictional arguments, we pointed out that "[e]rrors that would not make a judgment void, such as a court's action contrary to a statute, constitutional provision, or rule of civil or appellate procedure, make a judgment merely voidable and must be attacked within prescribed time limits." *Id.* at 780.

In response to Goodfriend's request, we additionally determined that Glassman's appeal was frivolous, and we awarded Goodfriend just damages of $2,500. *See id.* at 783.

We denied Glassman's motion for rehearing, and the Texas Supreme Court denied Glassman's petition for review and her motion for rehearing of her petition for review. Thus, our decision in *Glassman I* is no longer subject to reversal.

### C. Glassman's Second Collateral Attack on the Underlying Judgment

In 2016, Glassman filed an amended motion to vacate the 2006 judgment or declare the judgment void. She filed the motion in the same court and under the same cause number in which the judgment had been rendered. Once again, she asserted that the judgment was void because the trial court lacked jurisdiction to render it. She also challenged the judgment on a number of non-jurisdictional grounds. The trial court denied Glassman's motion, and she brought this appeal.

Although Goodfriend filed a motion asking the trial court to declare Glassman a vexatious litigant, the trial court failed to timely rule on the motion.[1] Goodfriend neither objected to the failure to timely rule on the motion nor filed her own notice of appeal.

### II. GLASSMAN'S APPEAL

▉ To the extent that Glassman attempts to distinguish this proceeding from *Glassman I*, she argues that this is a direct appeal, whereas *Glassman I* was a collateral attack on the judgment. Glassman presumably reached this conclusion because her most recent motion to have

Harris County Probate Court No. 1 declare the judgment void was filed under the same cause number as the judgment. But, as the Supreme Court of Texas has stated in a unanimous opinion, "After the time to bring a direct attack has expired, a litigant may only attack a judgment collaterally." *PNS Stores, Inc. v. Rivera*, 379 S.W.3d 267, 272 (Tex. 2012). As we pointed out five times in *Glassman I*, Glassman failed to timely appeal the 2006 judgment. *See Glassman I*, 347 S.W.3d at 783. Thus, her most recent motion was a second attempt to collaterally attack the 2006 judgment.

Glassman primarily challenges the 2006 judgment on jurisdictional grounds. In *Glassman I*, Glassman similarly collaterally attacked the 2006 judgment on the ground that the trial court lacked jurisdiction to render it. We explained in that case that for a collateral attack to succeed, "the record must affirmatively reveal the jurisdictional defect." *Glassman I*, 347 S.W.3d at 779 (quoting *Alfonso v. Skadden*, 251 S.W.3d 52, 55 (Tex. 2008) (per curiam)). We accordingly examined the record of the proceedings in which the 2006 judgment was rendered. Far from finding that the record negated facts necessary for the trial court to exercise jurisdiction, we found that "[t]he record in this case actually demonstrates the existence of jurisdiction." *Id.* That determination has been final and binding on the parties for years and is no longer reviewable. We need not, and will not, revisit it. We accordingly overrule Glassman's issues attacking the 2006 judgment on the ground that the trial court lacked jurisdiction to render it.

▉ Glassman also challenges the judgment on non-jurisdictional grounds. Here, too, we decline to address matters that

---

1. The trial court denied Glassman's motion on March 21, 2016, and she filed her notice of appeal within thirty days. The trial court did not sign the order denying the motion to declare Glassman a vexatious litigant until May 11, 2016.

were addressed in *Glassman I.* For example, Glassman contends that her right to due process was violated because she did not receive actual notice of the trial. *But see id.* at 776 ("Although notified of the setting, Glassman did not attend.").[2] As for any new non-jurisdictional arguments,[3] the time for Glassman to pursue a direct attack on the judgment has passed, and we no longer can consider complaints that, if sustained, would render the judgment voidable rather than void. *See id.* at 780; *PNS Stores*, 379 S.W.3d at 272; *Browning v. Prostok*, 165 S.W.3d 336, 346 (Tex. 2005) ("Only a void judgment may be collaterally attacked."). We therefore overrule Glassman's non-jurisdictional complaints.

### III. GOODFRIEND'S REQUESTS FOR RELIEF

█ Goodfriend asks us to reverse the trial court's denial of her motion to have Glassman declared a vexatious litigant. By the time the trial court purported to deny the motion, it already had lost plenary power to rule on it; thus, there is no ruling on the motion for us to review. Moreover, Goodfriend neither timely objected to the trial court's failure to rule nor appealed its refusal to grant the motion, and we generally cannot grant a party who has not filed a notice of appeal more favorable relief than the trial court has done. *See* TEX. R. APP. P. 25.1(c). Goodfriend also moved this court to declare Glassman a vexatious litigant, but we could not grant the requested relief because such a motion must be filed in the trial court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 11.051 (West 2002).

█ Finally, Goodfriend asks us to determine that this is a frivolous appeal and to award her just damages of $10,000.00. This relief is within our power:

> If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals.

TEX. R. APP. P. 45. "To determine whether an appeal is objectively frivolous, we review the record from the viewpoint of the advocate and decide whether the advocate had reasonable grounds to believe the case could be reversed." *Glassman I*, 347 S.W.3d at 782 (citing *Smith v. Brown*, 51 S.W.3d 376, 381 (Tex. App.–Houston [1st Dist.] 2001, pet. denied)). The record before us includes not only the most recent proceedings in the trial court, but also the entirety of the record in *Glassman I*, Glassman's brief in that case, and our en banc opinion. We conclude that no advocate reviewing the record from Glassman's position would have reasonable grounds to believe that the trial court's 2006 judgment or our judgment in *Glassman I* could be reversed.

In *Glassman I*, we sanctioned Glassman for bringing a frivolous appeal, and our reasons for doing so in that appeal apply with even greater force here. In *Glassman I*, she attempted to challenge the 2006 judgment when the appeal was "clearly time-barred." *Id.* at 783. Years after we wrote those words, Glassman attempted the same thing a second time. In *Glass-*

---

**2.** Glassman herself cites to the opposing counsel's statements at trial, "The certified mail [containing notice of the trial setting] came back and I have the envelope here with a notation that Ms. Glassman was notified on four separate occasions to pick up her certified mail and then it was unclaimed.... But the first class regular mail didn't come back."

**3.** These include Glassman's arguments that a Rule 11 agreement was not enforceable and that Goodfriend failed to prove her claims.

man I, "she trie[d] to circumvent her failure to timely appeal the judgment by arguing the trial court lacked jurisdiction although the record clearly demonstrated jurisdiction." *Id.* Years after we explained this, Glassman again challenged the same judgment on the same ground. As in *Glassman I*, she continues to assert issues that "cannot possibly be characterized as jurisdictional arguments." Finally, we stated in *Glassman I* that "Glassman is an attorney, albeit appearing *pro se* on appeal; therefore, she cannot claim ignorance of the law to excuse her unmeritorious attack on the trial court's jurisdiction." *Id.* While the record before us shows that she has since been disbarred, Glassman can have no excuse for repeating a collateral attack that already has been found to be frivolous and for which she has been monetarily sanctioned before. Indeed, Glassman's only response to Goodfriend's request for sanctions was to argue that *Glassman I* was wrongly decided. But, Glassman appealed our ruling in *Glassman I* more than five years ago, and the Supreme Court of Texas denied her petition for review. Like the trial court's 2006 judgment, our 2011 decision is no longer subject to review. We conclude that this appeal is so frivolous as to warrant sanctions.

■ We now must consider the amount of damages to award. Because the damages must be "just," we may consider the extent to which the frivolous appeal has needlessly caused the appellee to incur attorney's fees. *See, e.g., Smith,* 51 S.W.3d at 382 (awarding attorney's fees of $5,000 as proven by affidavit); *Mid–Continent Cas. Co. v. Safe Tire Disposal Corp.,* 2 S.W.3d 393, 397 (Tex. App.–San Antonio 1999, no pet.) (awarding appellate attorney's fees in the proven amount of $5,000); *Swate v. Crook,* 991 S.W.2d 450, 456 (Tex. App.–Houston [1st Dist.] 1999, pet. denied) (awarding the requested appellate attorney's fees of $5,000); *Diana Rivera & Assocs., P.C. v. Calvillo,* 986 S.W.2d 795,

799 (Tex. App.–Corpus Christi 1999, pet. denied) (awarding appellate attorney's fees of $8,800 where appellee "filed documentation indicating" that this amount was incurred to respond to the appeal). Goodfriend has requested just damages of $10,000, an amount that is supported by the uncontroverted affidavit of her appellate counsel John S. Fason. Fason states that he has practiced law in Texas since 1988 and is familiar with the usual and customary attorney's fees in appeals such as this. He attests that his hourly rate is $350 and that he has expended more than 28.6 hours in (a) reading and analyzing Glassman's brief, the clerk's record, the reporter's record, the cases cited by Glassman, and the briefs from the earlier appeal; (b) conducting additional legal research on the issues; and (c) writing Goodfriend's brief. He concludes that $10,000 is a reasonable attorney's fee for these necessary services.

■ Where the record shows that the appellant previously has been sanctioned, we also may consider whether the earlier sanctions were sufficient to punish the appellant and deter future misconduct. *Cf. Attorney Gen. of Tex. ex rel. State v. Cartwright,* 874 S.W.2d 210, 220 (Tex. App.–Houston [14th Dist.] 1994, writ denied) (declining to impose sanctions for a frivolous appeal because the appellate court believed the sanctions already imposed by the trial court were sufficient). Plainly, the sanctions of $2,500 imposed in *Glassman I* were insufficient to deter Glassman from pursuing a second frivolous appeal.

■ Finally, while an appellant's bad faith is not relevant when deciding whether to impose sanctions, we may consider bad faith when determining the amount of of just damages to award. *See Glassman I,* 347 S.W.3d at 782. Glassman's bad faith cannot be seriously disputed. As a result of *Glassman I*, she knew when she filed this appeal that (a) the time for a direct appeal

of the 2006 judgment had expired; (b) a collateral attack could not succeed because the face of the record did not reveal a jurisdictional defect; and (c) the Texas Supreme Court declined to review our decision in *Glassman I*, and thus, our decision in *Glassman I* is no longer subject to reversal. Because there accordingly was no possibility that *Glassman II* would be decided differently than *Glassman I*, Glassman's only discernible purpose in bringing this appeal has been to cause Goodfriend to needlessly incur additional attorney's fees.

Considering the totality of the circumstances, we conclude that it is just to require Glassman to pay Goodfriend the full amount of appellate attorney's fees requested in Goodfriend's brief and supported by her attorney's affidavit.

## IV. Conclusion

We overrule all of Glassman's issues presented; conclude that this appeal is frivolous; and order Glassman to pay Goodfriend just damages of $10,000.

