

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00018-CV

## IN THE INTEREST OF L.G.H., A CHILD

**From the 378th District Court**
**Ellis County, Texas**
**Trial Court No. 76,737-D**

## MEMORANDUM OPINION

Nicole (Hogue) Hibbs appeals from a judgment that modified her divorce decree and named her ex-husband, Hughie Lee Hogue, Jr., the parent with the right to establish the domicile of their child, L.G.H., within Ellis and contiguous counties. Hibbs complains that the trial court erred by failing to enter findings of fact and conclusions of law and that the trial court abused its discretion by finding that a material change in circumstances had occurred and by finding that naming Hogue the parent with the right to establish the domicile of L.G.H. was in her best interest. Because the findings of fact and conclusions of law have been made, and the trial court did not abuse its discretion, we affirm the judgment of the trial court.

Hibbs and Hogue were divorced in 2008 and Hibbs was named the parent with the exclusive right to establish the child's domicile within Ellis County. However, each party had equal possession of the child. The relationship between Hibbs and Hogue was acrimonious and in 2009, both parties filed pleadings seeking a modification of the conservatorship and possession order seeking to be named the parent with the right to establish the child's domicile and the other parent to have possession pursuant to the Standard Possession Order. *See* TEX. FAM. CODE ANN. CH. 153, Subchapter F (West 2014). Although temporary orders were entered in 2011, the final hearing on the modification did not take place until September of 2015. After the conclusion of the final hearing in October of 2015, the trial court named Hogue the parent with the right to establish the child's domicile, awarded Hibbs possession pursuant to the Standard Possession Order, and ordered Hibbs to pay child support to Hogue.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

In her first issue, Hibbs complained that the trial court failed to enter findings of fact and conclusions of law after she properly requested them. *See* TEX. R. CIV. P. 296. We abated this appeal for the trial court to enter the findings, and the trial court has done so. Because the findings have now been made and Hibbs has not objected to them, we dismiss issue one as moot.

## MODIFICATION OF CONSERVATORSHIP

In her second issue, Hibbs complains that the trial court abused its discretion

because "there was insufficient evidence that it was in the best interest of the child." In her third issue, Hibbs complains that the trial court abused its discretion "because the implied finding that it was in the best interest of the child is against the great weight and preponderance of the evidence." Because both issues as listed in Hibbs's brief relate to the best interest of the child and because Hibbs did not argue them separately in her brief to this Court, we will address them jointly.[1]

STANDARD OF REVIEW

The court may modify an order that provides the terms and conditions of conservatorship or that provides for the possession of or access to a child if modification would be in the best interest of the child and the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the earlier of: (A) the date of the rendition of the order; or (B) the date of the signing of a mediated or collaborative law settlement agreement on which the order is based. TEX. FAM. CODE ANN. § 156.101 (West 2014). "Thus, any person who seeks to modify an existing custody order must show (1) changed circumstances and (2) that modification would be a positive improvement for the child." *In re V.L.K.*, 24 S.W.3d 338, 342 (Tex. 2000). We reverse a trial court's order on custody modification only when it appears from

---

[1] After the trial court entered its findings of fact and conclusions of law, this Court gave Hibbs the opportunity to amend her brief to respond to the findings and conclusions. However, Hibbs did not file an amended brief. Therefore, the discussion of her issues is limited to the issues as presented in her initial brief prior to the entry of the findings and conclusions.

the record as a whole that the trial court abused its discretion. *Gillespie v. Gillespie*, 644 S.W.2d 449, 451 (Tex. 1982); *see In re C.R.O.*, 96 S.W.3d 442, 446 (Tex. App.—Amarillo 2002, pet. denied).

The test for abuse of discretion is whether the trial court ruled arbitrarily, unreasonably, without regard to guiding legal principles, or without supporting evidence. *Bocquet v. Herring*, 972 S.W.2d 19, 21 (Tex. 1998). As to ruling without supporting evidence, the trial court does not abuse its discretion if some evidence in the record reasonably supports the trial court's decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002). We apply an abuse of discretion standard because the trial court is in the best position to observe the character of the evidence, the demeanor of the witnesses, and those influences which cannot be discerned from the record. *In re H.S.N.*, 69 S.W.3d 829, 831 (Tex. App.—Corpus Christi 2002, no pet.). Under this standard, we review the "evidence in a light most favorable to the court's decision and indulge every legal presumption in favor of its judgment." *In re J.I.Z.*, 170 S.W.3d 881, 883 (Tex. App.—Corpus Christi 2005, no pet.).

BEST INTEREST

Hibbs's brief lists two issues that complain of the sufficiency of the evidence and the trial court's "implied finding" regarding best interest. However, in her brief to this Court, she does not discuss, argue, or provide any authority or citations to the record specific to the trial court's best interest finding. The argument section of her brief is

limited to a discussion of the trial court's failure to enter findings of fact and conclusions of law and sufficiency of the evidence regarding a material change in circumstances.

In order to properly present an issue to this Court, an appellant's brief "must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). Because Hibbs does not cite to any authority and does not provide any argument in support of this issue, we conclude that Hibbs's issue regarding best interest is inadequately briefed and presents nothing for review. *See id*.

MATERIAL CHANGE IN CIRCUMSTANCES

In the argument section of her brief, Hibbs also complains that there was insufficient evidence of a material change in circumstances. Hogue contends that because Hibbs also had filed a motion to modify based on a material change in circumstances, she has judicially admitted to this fact. Assertions of fact, not pleaded in the alternative, in the live pleadings of a party are regarded as formal judicial admissions. *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001). A judicial admission that is clear and unequivocal has conclusive effect and bars the admitting party from later disputing the admitted fact. *Id*. Generally, one party's "allegation of changed circumstances of the parties constitutes a judicial admission of the common element of changed circumstances of the parties in the other party's similar pleading." *In re A.E.A.*, 406 S.W.3d 404, 410 (Tex. App.—Fort Worth 2013, no pet.); *In re L.C.L.*, 396 S.W.3d 712, 718 (Tex. App.—Dallas 2013,

no pet.). Therefore, we find that Hibbs cannot complain that there was not sufficient evidence of a material and substantial change to support a modification of the prior order.[2] We overrule issues two and three.

## CONCLUSION

Having found no reversible error, we affirm the judgment of the trial court.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Judge Ellis[3]
Affirmed
Opinion delivered and filed May 3, 2017
[CV06]



---

[2] Hibbs also testified that a material and substantial change had occurred and that the prior order was unworkable at the final hearing on the modification.

[3] The Honorable Stephen Ellis, Judge of the 35th District Court of Brown County, sitting by assignment of the Chief Justice of the Supreme Court of Texas pursuant to section 74.003(h) of the Government Code. *See* TEX. GOV'T CODE ANN. § 74.003(h) (West 2013).