**Motion for Damages Denied; Motion to Dismiss Granted; Appeal Dismissed and Memorandum Opinion filed June 18, 2019.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-18-00543-CV

---

## GSM WINGS IV, L.L.C., SERC, INC., ROBERT PINA, AN INDIVIDUAL, AND GSM WINGS II, LLC, Appellants

### V.

### EQYINVEST OWNER II, LTD, LLP, Appellee

---

**On Appeal from the 61st District Court
Harris County, Texas
Trial Court Cause No. 2017-25047**

---

### MEMORANDUM OPINION

This is an appeal from a judgment signed April 2, 2018. On May 16, 2019, appellants filed a motion to dismiss the appeal. *See* Tex. R. App. P. 42.1. The motion is granted.

In response to the motion to dismiss, appellee filed a motion for damages for

frivolous appeal. Rule 45 of the Texas Rules of Appellate Procedure states:

> If the court of appeals determines that an appeal is frivolous, it may—on motion of any party or on its own initiative, after notice and a reasonable opportunity for response—award each prevailing party just damages. In determining whether to award damages, the court must not consider any matter that does not appear in the record, briefs, or other papers filed in the court of appeals.

Tex. R. App. P. 45. To determine whether an appeal is objectively frivolous, we review the record from the viewpoint of the advocate and decide whether the advocate had reasonable grounds to believe the case could be reversed. *Glassman v. Goodfriend*, 347 S.W.3d 772, 782 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) (op. on reh'g en banc) ("*Glassman I*").

This court rarely awards damages under Rule 45. Our decisions in *Glassman I* and *Glassman v. Goodfriend*, 522 S.W.3d 669 (Tex. App.—Houston [14th Dist.] 2017, pet. denied) ("*Glassman II*"), are notable exceptions. Glassman, a lawyer disbarred in 2013, was a repeat litigant who repeatedly raised the same non-meritorious claims and arguments in probate litigation against her sister. We sanctioned her $2,500 in *Glassman I*. 347 S.W.3d at 783. When she made effectively the same meritless arguments in *Glassman II*, we sanctioned her $10,000. 522 S.W.3d at 673-75.

This case is distinguishable from the *Glassman* cases. This the first time appellant has challenged the underlying judgment, and its appeal was timely. *Glassman*, by contrast challenged the underlying judgment by collateral attack five years late. Appellants are not repeat litigants, as was the case in *Glassman*. We have reviewed the record from the viewpoint of the advocate and determined that the grounds asserted in appellant's brief are not objectively frivolous. We deny appellee's motion for damages.

The appeal is ordered dismissed.

PER CURIAM

Panel Consists of Justices Wise, Jewell, and Hassan.