

# IN THE
# TENTH COURT OF APPEALS

## No. 10-16-00351-CV

## IN THE INTEREST OF
## C.A. AND C.A., CHILDREN

### From the County Court at Law No. 1
### Brazos County, Texas
### Trial Court No. 14-002766-CV-CCL1

## MEMORANDUM  OPINION

Appellant M.B.[1] ("Mom") filed a pro se appeal of the trial court's order modifying her visitation with her children, C.A. and C.A., and requiring her to reimburse Appellee D.A. ("Dad") for out-of-pocket medical expenses for the children.  Dad filed a Motion to Dismiss Appeal for Lack of Jurisdiction and a Motion for Damages Under TRAP 45.  Having reviewed the record in this case, we deny Dad's motions and affirm the trial court's order.

---

[1] We use aliases when referring to the parties.  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8.

## I. Background

Mom and Dad entered into an agreed divorce in 2011 that appointed Dad as managing conservator of their children and Mom as possessory conservator. The divorce decree required Mom to maintain medical insurance for the children and to reimburse fifty percent of Dad's out-of-pocket medical expenses for the children.

Mom married Husband Number 2 shortly after the divorce was final. Mom's second marriage lasted approximately three years. Mom then married Husband Number 3 shortly after the divorce was final from Husband Number 2.

Dad also remarried in 2013 and moved to College Station. Dad filed a motion to modify the child support order in June of 2014 in Harris County, where the divorce action originated, seeking an increase in child support. Dad discovered troubling information regarding Mom's lifestyle after or during her divorce from Husband Number 2. Dad then filed a motion to modify the custody arrangement and also filed a motion to transfer the case to Brazos County, which the trial court granted over Mom's objection. Dad obtained an *ex parte* temporary restraining order that halted Mom's visitation. After the matter was set for a temporary injunction hearing, the parties entered into a Rule 11 agreement extending the temporary orders until further order of the court. After a hearing, the trial court entered temporary orders that required Mom's visits with the children be supervised by a professional monitoring organization and that required her electronic communications with the children be monitored by Dad. The trial court appointed an attorney ad litem for the children and appointed a psychologist to investigate the family and prepare a custody report.

The trial court scheduled separate bench trials on the modification and the enforcement actions after both Mom and Dad waived a jury. The modification trial was held on May 9 and 10, 2016, and the enforcement trial was held on May 25, 2016. In the Order in Suit to Modify Parent-Child Relationship and Order on Motion for Enforcement of Order for Support of a Child, the trial court determined that it was in the best interest of the children that their visits with Mom continue to be supervised and that her electronic communications with the children continue to be monitored by Dad. The trial court further found that Mom's child support obligation should be increased, that she owed $2,887.50 in increased support from the date she was served, that she owed unpaid child support in the amount of $5,456.25, that she owed medical reimbursements in the amount of $2,413.68, and that she owed $59,027.18 in attorney's fees in the modification action and $19,473.47 in attorney's fees in the enforcement action.

Mom filed a Motion to Modify, Correct or Reform Court Order and an Amended Motion to Modify, Correct or Reform or Alternatively Motion for a New Trial, which the trial court denied. The trial court entered findings of fact and conclusions of law upon Mom's request and subsequently entered a Nunc Pro Tunc Order in Suit to Modify Parent-Child Relationship and Order on Motion for Enforcement of Order for Support of a Child. Mom then filed her notice of appeal.

## II. Pending Motions

Dad moves to dismiss Mom's appeal for lack of jurisdiction, asserting that her appeal only addresses the Order in Suit to Modify Parent-Child Relationship and Order on Motion for Enforcement of Order for Support of a Child that was signed by the trial

court on August 8, 2016 and filed with the clerk on August 10, 2016.  Mom's notice did not, Dad argues, appeal the final judgment—the Nunc Pro Tunc Order filed on September 22, 2016.

The Nunc Pro Tunc Order was entered at Dad's request in order to correct three typographical errors.  *See* Dad's Motion for Judgment Nunc Pro Tunc Under Texas Rule of Civil Procedure 316 filed as an exhibit to Mom's Amended Notice of Appeal.  The correction of those errors is the only difference between the Order and the Nunc Pro Tunc Order.

To the extent there was error in Mom's Notice of Appeal by citing the Order instead of the Nunc Pro Tunc Order, it was corrected in her Amended Notice of Appeal. The Amended Notice of Appeal refers to both the Order and the Nunc Pro Tunc Order. Mom filed the Amended Notice of Appeal prior to filing her brief.  *See* TEX. R. APP. P. 25.1(g) ("An amended notice of appeal correcting a defect or omission in an earlier filed notice may be filed in the appellate court at any time before the appellant's brief is filed."). We, therefore, have jurisdiction to consider this appeal, and Dad's Motion to Dismiss Appeal is denied.

Dad additionally moves for damages under Rule 45 of the Rules of Appellate Procedure asserting that Mom has filed a frivolous appeal.  TEX. R. APP. P. 45.  Rule 45 provides that the appellate court may award damages if it determines that an appeal is frivolous.  *Id*.  The decision to award damages for a frivolous appeal is within the appellate court's discretion.  *Emerson v. Emerson*, 559 S.W.3d 727, 738 (Tex. App.— Houston [14th Dist.] 2018, no pet.).  "Whether to grant sanctions for a frivolous appeal is

a matter of discretion that this court exercises with prudence and caution, and only after careful deliberation in truly egregious circumstances." *In re Willa Peters Hubberd Testamentary Trust*, 432 S.W.3d 358, 369 (Tex. App.—San Antonio 2013, no pet.) (quoting *Gard v. Bandera County Appraisal Dist.*, 293 S.W.3d 613, 619 (Tex. App.—San Antonio 2009, no pet.)). In determining whether an appeal is objectively frivolous, "we review the record from the viewpoint of the advocate and decide whether the advocate had reasonable grounds to believe the case could be reversed." *Glassman v. Goodfriend*, 522 S.W.3d 669, 673 (Tex. App.—Houston [14th Dist.] 2017, pet. denied).

After reviewing the record, we do not find that this appeal presents egregious circumstances that would justify the award of sanctions under Rule 45. Therefore, Dad's Motion for Damages Under TRAP 45 is denied.

### III. Issues

Mom presents the following issues:

I. Did the trial court err in rendering the final order in this cause?

    1. The trial court failed to adhere to statutory mandates in assigning parental rights and duties.

    2. The trial court failed to adhere to statutory mandates in awarding the security for compliance of an order.

II. Did the trial court err in modifying the possession order?

    1. The Appellee did not meet his burden of proof to show that circumstances had materially or substantially changed since the entry of the final decree of divorce and that modification would be in the best interest of the children.

2.    The Appellee did not meet his burden of proof to show that unsupervised access by the Appellant would endanger the physical health and emotional welfare of the children.

3.    The trial court erred in not making the finding that circumstances had materially or substantially changed since the entry of the final decree of divorce and that modification would be in the best interest of the children.

III.    Did the trial court err in its findings of fact regarding modification?

1.    The evidence was legally and factually insufficient to support a finding that the material allegations set out in the Third Amended Petition were true and the requested modification was in the best interest of the children.

2.    The evidence was legally and factually insufficient to support a finding that credible evidence was presented at trial that awarding unsupervised access to the Appellant would endanger the children's physical health and emotional welfare of the children.

3.    The evidence was legally and factually insufficient to support a finding that credible evidence was presented at trial to conclude that Mother has a pattern or history of child neglect directed against the children.

4.    The evidence was legally and factually insufficient to support a finding that awarding unsupervised access to the Appellant would not be in the best interest of the children.

IV.    Did the trial court err in granting the requested modification?

1.    The trial court erred in restricting the Appellant's possession of the children to supervised visitation at a visitation center.

2.    The trial court erred in restricting the Appellant's phone/electronic communication with the children.

3.    The trial court erred in granting the Appellee the sole discretion to allow, monitor and supervise electronic communication between the Appellant and the children.

4. The trial court erred by not considering less restrictive alternatives.

V. Did the trial court err regarding the child custody evaluation?

1. The trial court erred in the application of law regarding child custody evaluations in this cause.

2. The trial court erred in finding that Dr. Arredondo was appointed the child custody evaluator in this cause.

3. The trial court erred in admitting the child custody report and testimony of Dr. Arredondo.

VI. Did the trial court err in its statutorily mandated duties?

1. The trial court erred in consolidating the modification and enforcement actions for trial and combining the rulings on the actions in the same order.

2. The Appellant was deprived of the right to a speedy trial on the Motion for Enforcement.

3. The trial court erred in denying the Appellant's Second Motion for Continuance.

VII. Did the trial court err in the enforcement action?

1. The trial court erred in finding that the enforcement action for child support was filed on June 24, 2015 and that the Appellant was served with the enforcement action for child support on July 9, 2015.

2. The Appellee did not meet the burden of proof to show that medical reimbursements were requested in accordance with the final decree of divorce.

3. The evidence was legally and factually insufficient to support the finding that the Appellant did not pay court ordered medical reimbursements in accordance with the decree.

4. The evidence was legally and factually insufficient to support the finding that the Appellant failed to pay $2,413.86 in medical reimbursements.

VIII. Did the trial court err in awarding attorney's fees?

1. The Appellee did not meet his burden of proof to show that the attorney's fees were reasonable and necessary.

2. The evidence was legally and factually insufficient to support the findings of fact 28 and 29 regarding the award of attorney's fees.

3. The trial court erred in its conclusions of law 13 and 14 regarding the classification and collectability of all judgement [sic] amounts.

### *IV.  Errors Not Preserved*

Dad argues that many of Mom's issues are waived because she did not raise a contemporaneous objection at trial.  Although we construe *pro se* pleadings and briefs liberally, *pro se* litigants are held to the same standards as licensed attorneys and must comply with all applicable laws and rules of procedure.  *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 185-86 (Tex. 1978).

Rule 33.1 of the Rules of Appellate Procedure provides that a prerequisite for presenting a complaint for appellate review is that an issue must first be presented to the trial court through a timely request, objection, or motion.  TEX. R. APP. P. 33.1.  A timely objection is one that is interposed at a point in the proceedings that gives the trial court the opportunity to cure any alleged errors.  *Anderton v. Green*, 555 S.W.3d 361, 372 n.4 (Tex. App.—Austin 2018, no pet.).  Presenting an issue for the first time in a motion for new trial does not satisfy the contemporaneous objection rule if the complaint could have

been urged earlier. *St. Paul Surplus Lines Ins. Co., Inc. v. Dal-Worth Tank Co., Inc.*, 974 S.W.2d 51, 53 (Tex. 1998); *see also Matbon, Inc. v. Gries*, 288 S.W.3d 471, 490 (Tex. App.—Eastland 2009, no pet).

In her reply brief, Mom cites to a number of places in the record that she alleges show that she properly preserved the issues raised. However, these citations are all to her Amended Motion to Modify, Correct or Reform or Alternative Motion for a New Trial. This is insufficient to preserve the issues for appeal. Accordingly, because Mom did not make timely objections that comport with her appellate contentions, we conclude that she failed to preserve the following issues, and they are overruled: I.1, I.2, V.1, V.2, V.3, VI.1, VI.2, and VIII.1.

Mom also alleges improprieties with the temporary orders and a letter ruling that were entered prior to the final order. These claims are not cognizable. Issues related to the temporary orders/injunction and letter ruling are moot since the trial court subsequently entered a final order that incorporated the details of the letter ruling. *See Mauldin v. Clements*, 428 S.W.3d 247, 261-62 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (temporary orders superseded by final order); *Hailey v. KTBS, Inc.*, 935 S.W.2d 857, 859 (Tex. App.—Texarkana 1996, no pet.) (written order controls over letter). As a result, issues II and III are overruled to the extent they challenge the temporary orders/injunction or letter ruling.

### V. Standard of Review

A trial court's decision to modify "custody, control, possession, support, and visitation matters" is reviewed for an abuse of discretion. *In re K.A.M.S.*, 583 S.W.3d 335,

340 (Tex. App.—Houston [14th Dist.] 2019, no pet.). The test for abuse of discretion is whether the trial court ruled "arbitrarily, unreasonably, or without regard to guiding legal principles." *Bocquet v. Herring*, 972 S.W.3d 19, 21 (Tex. 1998). We apply an abuse of discretion standard because, particularly in a bench trial, the trial court is in the best position to observe "the character of the evidence, the demeanor of the witnesses, and those influences which cannot be discerned from the record." *Id.* Under this standard, we review the evidence in the light most favorable to the trial court's decision and "indulge every legal presumption in favor of its judgment." *In re J.I.Z.*, 170 S.W.3d 881, 883 (Tex. App.—Corpus Christi 2005, no pet.). We defer to the trial court's resolution of underlying facts, and to the credibility determinations that may have affected its determination of those facts, and will not substitute our judgment for that of the trial court. *In re K.A.M.S.*, 583 S.W.3d at 341. "The trial court does not abuse its discretion if there is some evidence of a substantive and probative character to support its decision." *Id.*

Abuse of discretion is also the standard used when reviewing a trial court's denial of a continuance and award of attorney's fees in a suit affecting the parent-child relationship. *See In re Z.A.T.*, 193 S.W.3d 197, 208 (Tex. App.—Waco 2006, pet. denied) (continuance); *In re B.J.W.*, No. 05-17-00253-CV, 2018 WL 3322882, at *2 (Tex. App.—Dallas July 6, 2018, no pet.) (mem. op.) (attorney's fees).

Mom challenges the legal and factual sufficiency of the evidence as it relates to both the modification and the enforcement actions. Sufficiency of the evidence is only one factor in determining whether the trial court abused its discretion in an order

modifying "custody, control, possession, support, [or] visitation." *See In re J.I.Z.*, 170 S.W.3d at 883; *see also In re F.R.N.*, No. 10-18-00233-CV, 2019 WL 3801630, at *4 (Tex. App.—Waco Aug. 7, 2019, no pet.) (mem. op.).

> When examining legal sufficiency, we review the entire record, considering evidence favorable to the finding if a reasonable factfinder could and disregarding contrary evidence unless a reasonable factfinder could not. *Gunn v. McCoy*, 554 S.W.3d 645, 658 (Tex. 2018); *In re P.A.C.*, 498 S.W.3d 210, 214 (Tex. App.—Houston [14th Dist.] 2016, pet. denied). We indulge every reasonable inference that would support the challenged finding. *Gunn*, 554 S.W.3d at 658. Evidence is legally sufficient if it would enable reasonable and fair-minded people to reach the decision under review. *Id.*
>
> For a factual-sufficiency review, we examine the entire record and consider evidence favorable and contrary to the challenged finding. *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986) (*per curiam*); *In re P.A.C.*, 498 S.W.3d at 214. We may set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Cain*, 709 S.W.3d at 176.

*In re K.A.M.S.*, 583 S.W.3d at 341.

### *VI. Discussion*

A. Continuance. Mom includes a number of allegations in regard to the denial of her second motion for continuance, many of which were not specifically presented to the trial court. For those issues not waived, Mom has identified no harm she suffered as a result of the denial of her second motion for continuance. In order for a judgment to be reversed on appeal based upon the ground that the trial court made an error of law, the appellant must establish that the error complained of probably caused the rendition of an improper judgment. *See* TEX. R. APP. P. 44.1. Mom presented nothing to the trial court or in her brief to this court that indicates what evidence she would have presented if a continuance was granted or how it would have affected the outcome of this case. We

conclude there is nothing to indicate that the trial court abused its discretion in denying Mom's second motion for continuance, particularly when the May 9-10 dates were requested by Mom. Mom's issue VI.3 is overruled.

B. Enforcement Action. Mom does not contest the trial court's order as it relates to the increase in the amount of child support or the amount calculated for arrearages in child support but does contest the trial court's findings that the enforcement action was filed on June 24, 2015 and that she was served with the enforcement action on July 9, 2015. If the trial court erred in these findings, Mom does not indicate how she was prejudiced as a result.

Mom also contests the trial court's finding that she owed Dad $2,413.86 in medical reimbursements. Mom argues that Dad failed to meet the burden of proof in regard to the medical reimbursements, that the evidence was legally and factually insufficient to support the finding that she did not pay medical reimbursements in accordance with the divorce decree, that the evidence was legally and factually insufficient to support the finding that Dad provided credible testimony, and that the evidence was legally and factually insufficient to support the finding that she failed to pay $2,413.86 in medical reimbursements.

Mom's disagreement with the medical reimbursement award is centered upon her belief that she should not be responsible for reimbursements because Dad did not provide notice in the manner required by the divorce decree. Dad testified that he sent the requests for reimbursement to Mom by email, which is not one of the approved methods in the divorce decree. However, Dad additionally testified that Mom paid medical

reimbursements that were sent to her by email until Dad filed the petition for modification in the fall of 2014. Mom did not dispute this testimony. The trial court could have determined that Mom waived the formal notice requirement by her course of conduct. A party to a divorce decree may waive a condition precedent, which may be inferred from that party's conduct. *See Moore v. Moore*, 568 S.W.3d 725, 731 (Tex. App.—Eastland 2019, no pet.) (waiver ordinarily question of fact but becomes question of law when facts and circumstances are undisputed).

Dad testified and presented exhibits supporting his claim that Mom failed to pay $2,413.86 in medical reimbursements. Mom presented nothing to the contrary other than her testimony that she did not pay the requested amounts because they were not properly submitted and lacked sufficient documentation.

Even though testimony regarding unreimbursed payments may be conclusory and from an interested witness, they present an issue to be determined by the trier of fact if they are uncontradicted. *In re A.C.B.*, 302 S.W.3d 560, 564 (Tex. App.—Amarillo 2009, no pet.). "One factor that the trier of fact can consider in assessing the credibility of the evidence is whether the opposite party had the means and opportunity of disproving the testimony, if it were not true, and failed to do so." *Id.* Mom had the opportunity to bring whatever evidence she believed would contest Dad's claim. She did not do so.

Dad's testimony and the exhibits he presented were sufficient, legally and factually, for the trial court to determine that the amount of unreimbursed medical expenses owed by Mom was $2,413.86. Issues regarding Dad's credibility are within the purview of the trial court, who found Dad a credible witness. We conclude that the trial

court did not abuse its discretion in awarding $2,413.86 to Dad for unreimbursed medical payments. Mom's issues VII.1, VII.2, VII.3, and VII.4 are overruled.

C.  Modification Action.  Mom basically asserts that the evidence was legally and factually insufficient to support the trial court's determination that supervised visitation with the children was appropriate.  Mom argues that Dad did not meet his burden of proof and the trial court did not consider less restrictive alternatives.

1.  Procedural Issues.  Mom argues that Dad's Third Amended Petition to Modify Parent-Child Relationship contains no specific material allegations that would support modification.  Mom next argues that an affidavit attached to the Second Amended Petition to Modify Parent-Child Relationship was forged.

Rule 90 of the Rules of Civil Procedure provides, in pertinent part:

> Every defect, omission or fault in a pleading either of form or of substance, which is not specifically pointed out by exception in writing and brought to the attention of the judge . . . in a non-jury case, before the judgment is signed, shall be deemed to have been waived by the party seeking reversal on such account. . . .

TEX. R. CIV. P. 90; *see also Hartwell v. Lone Star, PCA*, 528 S.W.3d 750, 764-65 (Tex. App.—Texarkana 2017, pet. dism'd); *In re C.S.*, 264 S.W.3d 864, 872 (Tex. App.—Waco 2008, no pet.).

> When special exceptions are filed, the movant has the burden of obtaining a hearing on its special exception and a written ruling.  If the record does not contain a ruling on the special exceptions, the movant fails to preserve any complaint for appellate review.

*Hartwell*, 528 S.W.3d at 765 (citations omitted).

The record does not reflect that a special exception was filed to the Third Amended Petition, nor does the record reflect a written ruling on the special exception to the Second Amended Petition. Mom's issue III.1, to the extent it challenges procedural deficiencies in the pleadings, is overruled.

Mom also alleges that the trial court erred in failing to make specific factual findings regarding the conclusion that there was a history or pattern of neglect of the children on her part. The failure of a trial court to make a factual finding does not require reversal if "the record before the appellate court affirmatively shows that the complaining party suffered no injury." *In re S.R.O.*, 143 S.W.3d 237, 242 (Tex. App.—Waco 2004, no pet.). An appellant does not suffer an injury when the circumstances of the case are such that the appellant is not required to guess the reason or reasons the court ruled against the appellant. *Id.* The circumstances in this case do not indicate that Mom must guess the rationale for the court's ruling, and the court's failure to make a more specific finding of fact has certainly not prevented Mom from presenting her case to this Court. *Id.*; *see* TEX. R. APP. P. 44.1.

Mom additionally complains in a number of places in her brief that neither Dad nor others filed a complaint against her with child protective services. Making such a complaint is not a prerequisite to requesting a modification of the terms of a custody agreement, nor does the failure to make a complaint preclude the trial court from modifying a custody arrangement. As Mom presents no authority to support her claim, this issue is likewise waived.

2. <u>Material and substantial change</u>. Mom argues that Dad did not meet his burden to show that circumstances had materially or substantially changed since entry of the final decree of divorce and that modification would be in the best interest of the children. Mom additionally asserts that the trial court erred in finding that circumstances had materially or substantially changed and that modification was in the best interest of the children. Mom asserts that there was insufficient evidence to support findings in that regard.

The burden of proof for the modification of a suit affecting the parent/child relationship is by a preponderance of the evidence. TEX. FAM. CODE ANN. § 105.005; *see also Trammel v. Trammel*, 485 S.W.3d 571, 578 (Tex. App—Houston [1st Dist.] 2016, no pet.). Under this standard, the factfinder need only determine that the movant's version of the facts is more likely than not true. *In re Lipsky*, 460 S.W.3d 579, 589 (Tex. 2015).

The existence of a material and substantial change in circumstances is a threshold determination in a modification proceeding. *In re A.L.E.*, 279 S.W.3d 424, 428 (Tex. App.—Houston [14th Dist.] 2009, no pet.). There are no rigid or definite guidelines regarding what constitutes a material and substantial change in circumstances, and each case must be determined according to the facts and circumstances of that particular case. *Hamilton v. Maestas*, No. 07-18-00320-CV, 2020 WL 1696807, at *3 (Tex. App.—Amarillo Apr. 7, 2020, no pet.) (mem. op.). "A non-comprehensive list of material changes . . . can include (1) marriage of one of the parties, (2) poisoning of the child's mind by one of the parties, (3) change in the home surroundings, (4) mistreatment of the child by a parent or

stepparent, or (5) a parent's becoming an improper person to exercise custody." *In re A.L.E.*, 279 S.W.3d at 428-29.

It is undisputed that after the divorce, Dad remarried and Mom remarried twice. There was, therefore, sufficient evidence for the trial court to determine that there was a material and substantial change in circumstances. Mom's Issue II.1 is overruled.

3. <u>Best interest of the children</u>. While the existence of a material and substantial change in circumstances is a threshold requirement, the primary consideration in determining issues of conservatorship and possession of and access to a child is what is in the child's best interest. TEX. FAM. CODE ANN. § 153.002; *In re F.R.N.*, 2019 WL 3801630, at * 4; *In re H.D.C.*, 474 S.W.3d 758, 764 (Tex. App.—Houston [14th Dist.] 2014, no pet.). The court may impose restrictions on a parent's possession or access, such as the imposition of supervised visitation as in this case, if the restriction does "not exceed those that are required to protect the best interest of the child." TEX. FAM. CODE ANN. § 153.193. The trial court does not abuse its discretion if the record contains evidence to support a finding that a restriction is in the child's best interest. *In re H.D.C.*, 474 S.W.3d at 764.

The testimony and report of the court-appointed psychologist, who the trial court found credible, reflect that Mom engaged in high-risk behavior, indicating poor judgment and lack of boundaries, that adversely affected her ability to ensure the physical and emotional wellbeing and safety of the children. The psychologist recommended that Mom's visits with the children continue to be supervised and that her electronic communications with them continue to be monitored.

The court-appointed psychologist interviewed the children who were happy seeing their Mom at the supervised visitation facility because they had her undivided attention.

The court-appointed psychologist noted no concerns with Dad or Dad's second wife.

After reviewing the record, we hold that the trial court had sufficient evidence before it to determine by a preponderance of the evidence that modification of custody was in the best interest of the children and, based upon its discretion and the applicable law, the trial court did not err in applying this discretion. We overrule Mom's Issues II.2, II.3, III.1, III.2, III.3, III.4, IV.1, IV.2, IV.3, and IV.4.

D. Attorney's Fees. Mom argues that the evidence was legally and factually insufficient to support the trial court's finding regarding the amount and reasonableness of attorney's fees.

Dad's attorney testified, without objection, at the enforcement hearing about her fees for both the enforcement and the modification actions. The chart she prepared explaining the fees and expenses was admitted without objection.

"The family code allows the trial court to award attorneys' fees in suits affecting the parent-child relationship." *In re A.B.P.*, 291 S.W.3d 91, 98 (Tex. App.—Dallas 2009, no pet.); *see* TEX. FAM. CODE ANN. § 106.022. Testimony from a party's attorney about their attorneys' fees is taken as true as a matter of law if the testimony "is not contradicted by any other witness and is clear, positive, direct, and free from contradiction." *In re B.J.W.*, 2018 WL 3322882, at *2. Because the testimony of Dad's attorney was uncontradicted, the

trial court did not abuse its discretion in awarding attorney's fees in the amount awarded in its final order.

In Issue VIII.3, Mom additionally argues that "[t]he trial court erred in its conclusions of law 13 and 14 regarding the classification and collectability of all judgement [sic] amounts." Mom appears to argue that the trial court erred by including the attorney's fees and expenses in the judgments as child support. However, conclusions of law 13 and 14 refer to the inclusion of statutory interest as part of the final money judgment, not attorney's fees.

We overrule Mom's Issues VIII.2 and VIII.3.

## *VII. Conclusion*

Having overruled Appellant's issues and denied Appellee's motions, we affirm the judgment of the trial court.


MATT JOHNSON
Justice

Before Chief Justice Gray,*
    Justice Neill, and
    Justice Johnson
Judgment affirmed
Opinion delivered and filed February 3, 2021
[CV06]
*(Chief Justice Gray concurs in the judgment of the Court which affirms the trial court's judgment. A separate opinion will not issue.)